A96A0749, A96A0750. BROWN et al. v. JACKSON et al.;
and vice versa.
(470 SE2d 786)

JOHNSON, Judge.
Representatives of the estate of Etheridge Brown filed this

wrongful death suit against Deputy Sheriffs Cordel Jackson and Richard Vining and Peach County. The three defendants filed a motion for summary judgment. The trial court granted the motion with regard to the claims against Jackson and Vining, finding that the officers are entitled to official immunity for the allegedly negligent performance of their discretionary duties as law enforcement officers. The motion was denied as to Peach County.

### Case No. A96A0749

1. Appellants' appeal from the trial court's grant of summary judgment in favor of the two deputy sheriffs was docketed on December 15, 1995. Appellants' brief and enumerations of error were due on January 4, 1996. Appellants did not request an extension of time to file enumerations of error and brief before the expiration of the time permitted for filing. See Court of Appeals Rules 13 and 26. No brief or enumerations of error have been filed as of this date. Accordingly, this appeal is hereby dismissed as abandoned.

### Case No. A96A0750

2. Peach County asserts in this appeal that the trial court erred in denying its motion for summary judgment because deputy sheriffs are employees of the sheriff rather than the county, and therefore the county cannot be liable for their actions as their principal. We agree. In *Gilbert v. Richardson* 264 Ga. 744 (452 SE2d 476) (1994), the Georgia Supreme Court held that "[s]ince deputy sheriffs are employed by the sheriff rather than the county, sheriffs may be liable in their official capacity for a deputy's negligence in performing an official function." Id. at 754 (7). This Court has addressed the issue as well. "Deputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge. [Cit.] They have no duties save alone duties of the sheriff, which as his deputy and his agent they are by law authorized to perform. The sheriff, and not the county, is liable for the misconduct of his deputies." (Citations and punctuation omitted.) *Wayne County v. Herrin*, 210 Ga. App. 747, 751 (3) (437 SE2d 793) (1993). Deputy Sheriffs Jackson and Vining, at all times relevant to this case, were employees of the sheriff and not Peach County. Therefore, the Peach County Sheriff, and not Peach County, would have been the proper party to have sued under a theory of respondeat superior. The trial court's denial of Peach County's motion for summary judgment was error and must be reversed.

3. Because of our holding in Division 2 above, we need not address Peach County's additional allegations of error.

*Appeal dismissed in Case No. A96A0749; judgment reversed in*

*Case No. A96A0750. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 29, 1996.

*Gordon L. Joyner*, for appellants.
*Chambless, Higdon & Carson, Thomas F. Richardson, Swift, Currie, McGhee & Hiers, Christopher D. Balch*, for appellees.