S11A0496. DELOACH v. ELLIOTT et al.

(710 SE2d 763)

CARLEY, Presiding Justice.

On August 2, 2007, Waynesboro police officer Jonathan Elliott, while conducting a routine patrol, drove his police cruiser into the back of an automobile being driven by Irene DeLoach (Appellant). Appellant was injured during the accident. It is undisputed that at the time of the accident, Elliott was operating a city-owned vehicle within the course and scope of his employment as a police officer. On July 30, 2009, Appellant filed a negligence action in the trial court

against Elliott, in his individual and his official capacity, and the City of Waynesboro, Georgia (Appellees). The trial court granted a motion for summary judgment filed by Appellees, holding that, since Appellant failed to provide ante litem notice within six months of the wreck as required by OCGA § 36-33-5 (b), she is precluded from filing suit against the City of Waynesboro. The trial court also held that the claims against Elliott in his individual and official capacity fail as a matter of law because he is protected from suit pursuant to OCGA § 36-92-3 (a). Appellant directly appeals from this order. Although she asserts that she did provide timely ante litem notice to the City, she concedes that she is unable to prove this fact. In this appeal, therefore, she does not enumerate the trial court's grant of summary judgment to the City of Waynesboro or to Elliott in his official capacity. However, Appellant does enumerate the grant of summary judgment in favor of Elliott in his individual capacity.

1. Appellant contends that the tort immunity for local government employees for situations covered by OCGA § 36-92-3 (a) is limited to only those covered situations in which the local government entity remains liable. Appellant claims that the phrase in OCGA § 36-92-3 (b) requiring that the government entity be substituted as the party defendant in a suit involving "an act for which the local government entity is liable" means that if the local government entity does not remain liable for the suit, or is adjudged to have a viable defense, then the local government entity no longer must be substituted as the defendant. As the City is no longer liable in the present case due to Appellant's failure to send the requisite ante litem notice, she argues that substitution is no longer required and she should be able to bring suit against Elliott in his individual capacity.

However, the plain language of OCGA § 36-92-3 (a) states unequivocally that "[a]ny local government officer or employee who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is *not subject to lawsuit or liability therefor*." (Emphasis supplied.) The language in OCGA § 36-92-3 (b) parsed out by Appellant does not limit this immunity. The entire sentence in subsection (b) reads as follows:

> In the event that the local government officer or employee is individually named for an act for which the local government entity is liable under this chapter, the local government entity for which the local government officer or employee was acting shall be substituted as the party defendant.

Once the phrase pointed out by Appellant is read in context, the

intent of subsection (b) becomes clear, which is that the government entity should be substituted as a party to a suit whenever one of its employees has committed "an act for which the local government entity is liable under this chapter." The selected phrase is merely a description of when the government entity should replace the employee. If the government entity would not be liable under OCGA § 36-92-1 et seq., as where the employee committed the tort using an uncovered motor vehicle, then the government entity is not "liable under this chapter" and need not be substituted. There is nothing in OCGA § 36-92-3 (b) that purports to state that if a government entity is initially liable for the tort committed by its employee, but the plaintiff's suit against the government entity fails for any reason, the plaintiff can then bring suit against the individual employee. If this were true, then OCGA § 36-92-3 would provide no immunity at all for the employee, because any plaintiff could circumvent subsection (a) and bring a claim against the employee by intentionally failing in his claim against the government entity. Moreover, a plaintiff would always be allowed two attempts to prosecute the action successfully, as he could first sue the government entity and then could sue the employee if the first suit fails.

The construction of OCGA § 36-92-3 applied by the trial court is further supported by subsection (d), which states that

> a settlement or judgment in an action or settlement on a claim brought pursuant to this chapter constitutes a complete bar to any further action by the claimant against a local government officer or employee or the local government entity by reason of the same occurrence.

In the present case, Appellant brought a claim pursuant to OCGA § 36-92-3, and the trial court granted summary judgment to the City. As Appellant has not enumerated this decision, it is final and provides a "complete bar" to any future suit brought by Appellant against the City or the employee and involving the tortious act at issue in this case. OCGA § 36-92-3 (d).

Finally, we can analogize OCGA § 36-92-3 to OCGA § 50-21-25, the tort immunity statute for state employees. Although this statute provides state employees with immunity from all torts committed during the course of employment as opposed to only torts involving the use of a covered motor vehicle, the language of the two statutes is remarkably similar. In cases involving tortious acts covered by OCGA § 50-21-25, this Court and the Court of Appeals have held that state employees cannot be sued individually. See *Harry v. Glynn County*, 269 Ga. 503, 505 (2) (501 SE2d 196) (1998); *Riddle v. Ashe*, 269 Ga. 65, 66 (2) (495 SE2d 287) (1998); *Tootle v. Cartee*, 280 Ga.

App. 428, 430 (634 SE2d 90) (2006); *Howard v. Miller*, 222 Ga. App. 868, 871 (1) (c) (476 SE2d 636) (1996). Furthermore, the Court of Appeals has held that a suit against an individual employee is barred even where the suit against the state entity is " 'procedurally foreclosed' " due to a failure by the plaintiff to serve ante litem notice in a timely manner. *Wang v. Moore*, 247 Ga. App. 666, 669-670 (1) (544 SE2d 486) (2001). Therefore, due to the nearly identical language between OCGA §§ 50-21-25 and 36-92-3, we conclude that the General Assembly intended to provide immunity for municipal employees in the context of torts involving a covered motor vehicle which is comparable to the immunity granted to state employees in the context of all torts, as long as the pertinent conditions have been satisfied. Thus, by the passage of OCGA § 36-92-3, the legislature intended to foreclose all recovery against municipal employees for torts committed within the scope of employment and involving the use of a covered motor vehicle.

2. Appellant next contends that the construction of the statute applied by the trial court renders the statute unconstitutional because it violates the Georgia Constitution's guaranty of the right to trial by jury by foreclosing entirely any remedy for Appellant for her injuries arising out of the underlying tort. However, the General Assembly in OCGA § 36-92-3 did not eliminate the ability of Appellant to recover for her injuries but simply shifted the responsibility to pay damages in certain situations from the individual employee to the local government entity, which comports with the General Assembly's general authority to modify common law rights of action. *Teasley v. Mathis*, 243 Ga. 561, 564 (2) (255 SE2d 57) (1979). In the present case, Appellant sought to recover for her injuries from the City, but this action was dismissed due to her failure to send ante litem notice within six months as required by OCGA § 36-33-5 (b). Her failure to send ante litem notice, and not OCGA § 36-92-3, is why she now finds herself without a remedy.

Appellant also contends that OCGA § 36-92-3 as applied by the trial court is unconstitutional because, she alleges, it expands the personal immunity of governmental officers and employees in violation of the constitutional right to trial by jury. However, as discussed above, the statute at issue merely modifies the cause of action by shifting liability from the individual employee to the City. Therefore, the issue of immunity for the individual governmental employee is moot as Appellant's constitutional right to a jury trial is satisfied by her ability to seek redress and recover from the City. That her ability to recover from the City is now foreclosed is due to her own failure to follow the requisite procedural rules and thus does not raise a constitutional issue.

Appellant's final constitutional argument is that OCGA § 36-92-3

violates the right to trial by jury because recovery is limited to the statutory cap set forth in OCGA § 36-92-2 and thus undermines the right to a jury trial to determine the amount of compensatory damages. See *Atlanta Oculoplastic Surgery v. Nestlehutt*, 286 Ga. 731, 735-738 (2) (b) (691 SE2d 218) (2010). However, since we have determined that Appellant, due to her failure to send ante litem notice, is foreclosed from any recovery, the issue of whether the statutory cap on damages is unconstitutional is now moot.

Accordingly, we find that OCGA § 36-92-3 as applied by the trial court in the present case is constitutional.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 2011 —
RECONSIDERATION DENIED JUNE 13, 2011.

*Jones & Boykin, Noble L. Boykin, Jr.*, for appellant.
*Fleming & Nelson, Barry A. Fleming, Kurt A. Worthington*, for appellee.