## S11A1102. WILCOX et al. v. FENN et al.

(716 SE2d 144)

MELTON, Justice.

On April 3, 2007, William Wilcox and his son, Milton, were driving east on Interstate 16. At the same time, Jeremiah Fenn and Oscar Gilliam, both of whom were Dougherty County police officers, were driving in separate police vehicles on the same interstate in the same direction as Wilcox. After Gilliam passed by Wilcox, Fenn collided with Wilcox from the rear, causing Wilcox to lose control of his vehicle and crash. Wilcox sustained bodily injuries, and his son was killed in the crash. It is undisputed that, at the time of the accident, Fenn and Gilliam were acting within the course and scope of their employment as officers of the Dougherty County Police Department.

Wilcox later filed suit against Fenn and Gilliam in their individual capacities,[1] contending that the officers negligently operated their vehicles.[2] On November 25, 2009, Wilcox filed two motions for partial summary judgment — one as to the individual liability of Fenn and Gilliam, and one as to the constitutionality of OCGA § 36-92-3. On January 14, 2010, Fenn and Gilliam filed their own motion for summary judgment based on the immunity provided to them under OCGA § 36-92-3 (a). This statute provides:

> Any local government officer or employee who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor. Nothing in this chapter, however, shall be construed to give the local government officer or employee immunity from suit and liability if it is proved that the local government officer's or employee's conduct was not within the performance of his or her official duties.

On February 8, 2011, the superior court entered an order denying Wilcox's motions and granting Fenn's and Gilliam's motion, thereby finding them immune from Wilcox's action. In granting summary judgment to Fenn and Gilliam based on the immunity provided to them under OCGA § 36-92-3, the superior court upheld the constitutionality of the statute. Wilcox now appeals these rulings, arguing that OCGA § 36-92-3 must be found to be unconstitutional because

---

[1] Wilcox also contends that Dougherty County is vicariously liable for the negligence of the police officers. Wilcox's claims against Dougherty County are not at issue in this appeal, however.

[2] Wilcox's wife, Shirley, also filed a claim for loss of consortium. Claims regarding the death of Milton Wilcox are not a part of this action.

it is not a part of the Georgia Tort Claims Act ("GTCA"). See OCGA § 50-21-20 et seq. We disagree.

In *Gilbert v. Richardson*, 264 Ga. 744, 745 (1) (452 SE2d 476) (1994), we explained the origins of the GTCA in the following manner:

> The common law doctrine of sovereign immunity, adopted by this state in 1784, protected governments at all levels from unconsented-to legal actions. The doctrine was given constitutional status in 1974, but the state remained absolutely immune from suit until 1983 after voters approved an amendment to the State Constitution waiving the sovereign immunity of the "state or any of its departments and agencies" in actions for which liability insurance protection was provided. Ga. Const. of 1983, Art. I, Sec. II, Par. IX. In 1991, the constitutional doctrine of sovereign immunity was amended to extend sovereign immunity "to the state and all of its departments and agencies," and this immunity is to prevail except as specifically provided therein. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

(Citations and footnotes omitted.)

The 1991 amendment to the state constitution provides, in pertinent part:

> (a) The General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees, upon such terms and subject to such conditions and limitations as the General Assembly may provide.
> . . .
> (e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.[3]

---

[3] "[T]he 1991 amendment's extension of sovereign immunity to 'the state and its departments and agencies' must also apply to counties." (Citations omitted.) *Gilbert*, supra, 264 Ga. at 747 (2).

Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a) and (e). The GTCA was subsequently enacted to waive the sovereign immunity of the state for the torts of its officers and employees. The GTCA, however, was not extended to counties or their officers or employees. See OCGA § 50-21-22 (5).

In this case, Wilcox contends that, based on the 1991 amendment, the Legislature's authority to waive the immunity of county officials such as Fenn and Gilliam was strictly limited to "a State Tort Claims Act," namely the GTCA. Wilcox further contends that, because the immunity extended to Fenn and Gilliam is contained outside the GTCA, it is unconstitutional. *Gilbert v. Richardson*, supra, clearly undermines this argument. In that case, we explained:

> *Nothing in subsection (a) [of the 1991 amendment] evidences an intent to restrict to a state tort claims act the legislature's authority to waive immunity....* Considering the 1991 amendment as a whole, we hold that sovereign immunity is waived by any legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver. This construction of the 1991 amendment is consistent with Art. IX, Sec. II, Par. IX of the 1983 State Constitution which provides that "the General Assembly may waive the immunity of counties, municipalities, and school districts by law." *The enactment of a state tort claims act was but one of the ways the legislature could constitutionally waive sovereign immunity.*

(Emphasis supplied.) *Gilbert*, supra, 264 Ga. at 748 (3). Therefore, the Legislature was not limited to waiver of immunity solely in the GTCA.

Furthermore, simply because the Legislature chose not to extend immunity to counties and their employees in the GTCA does not mean that it could not do so elsewhere, just as it could have granted immunity to state entities elsewhere. To the contrary, it is quite sensible that the Legislature extended immunity to county employees like Fenn and Gilliam in a section of the Georgia Code specifically applicable to counties. It is evident, then, that the Legislature had the constitutional authority to enact OCGA § 36-92-3.

Therefore, for all of the reasons set forth above, we find that the trial court properly denied Wilcox's claim that OCGA § 36-92-3 is unconstitutional and properly granted summary judgment in favor of Fenn and Gilliam.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011 —
RECONSIDERATION DENIED OCTOBER 3, 2011.

*Gary Gerrard, Regina M. Quick*, for appellants.
*Freeman, Mathis & Gary, Theodore Freeman, Sun S. Choy, Jacob E. Daly*, for appellees.