**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 9, 2018**

# In the Court of Appeals of Georgia

A17A2095. DAVIS v. MORRISON et al.

DILLARD, Chief Judge.

In this civil action, Steven Davis sued Gordon County Deputy Sheriff Richard Morrison and Gordon County, alleging that he suffered injuries in an automobile accident that was caused by Morrison's negligent driving of a county-owned vehicle. Morrison and the County moved for summary judgment, arguing that Davis's claim against Morrison was barred by OCGA § 36-92-3 (a) and that the County could not be held vicariously liable for Morrison's negligence. Thereafter, Davis dismissed the County, and the trial court granted summary judgment to Morrison. On appeal, Davis contends that the trial court erred in holding that his claim against Morrison is barred and that any claim against the Sheriff of Gordon County is barred by his failure to provide an ante-litem notice. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to Davis (*i.e.*, the nonmoving party),[1] the record shows that in the early evening of March 31, 2014, Davis was traveling in his pickup truck near Calhoun, Georgia, in Gordon County, when he stopped at an intersection to wait for oncoming traffic to pass before making a left-hand turn. After the oncoming traffic passed, Davis began turning his truck when Morrison—who was driving a county-owned vehicle on his way to the sheriff's office's evidence room—attempted to pass him on the left and collided into his driver's side door. As a result of the collision, Davis suffered injuries to his back, neck, leg, and shoulder.

On September 24, 2014, Davis's counsel sent an ante-litem notice to Gordon County, via certified mail, informing its representatives of his claims against Morrison and the County. Subsequently, on March 4, 2016, Davis filed a lawsuit against Morrison and Gordon County, alleging that he suffered injuries in the automobile accident that were caused by Morrison's negligent driving of the county-owned vehicle. Davis served his complaint upon Morrison and the Gordon County commissioners, but did not serve Gordon County Sheriff Mitch Ralston. Thereafter,

---

[1] *See, e.g., Swanson v. Tackling,* 335 Ga. App. 810, 810 (783 SE2d 167) (2016).

Morrison and the County filed an answer, and, discovery—including the depositions of Davis and Morrison—ensued.

On December 1, 2016, Morrison and the County moved for summary judgment, arguing, *inter alia*, that Davis's claims against Morrison were barred by OCGA § 36-92-3 (a), that the County could not be held vicariously liable for Morrison's negligence, and that Davis's failure to send an ante-litem notice to Sheriff Ralston barred any claim that the sheriff was vicariously liable for Morrison's negligence. Several weeks later, Davis filed a dismissal with prejudice of his claims against Gordon County, and approximately one week afterward, he filed a response to Morrison's motion for summary judgment. But on April 20, 2017, the trial court granted Morrison's motion. This appeal follows.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] If summary judgment is granted, it enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself that

---

[2] OCGA § 9-11-56 (c).

the requirements of OCGA § 9-11-56 (c) have been met.[3] In conducting this *de novo* review, we are charged with "viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[4] Bearing these guiding principles in mind, we will now address Davis's specific claims of error.

1. Davis contends that the trial court erred in granting summary judgment to Morrison on the ground that his claim against Morrison, individually, was barred by OCGA § 36-92-3 (a), arguing that the statute does not apply to sheriff's deputies. We disagree.

Tasked with interpreting the relevant statutory language, we necessarily begin our analysis with "familiar and binding canons of construction."[5] First and foremost, in considering the meaning of a statute, our charge as an appellate court is to

---

[3] *See Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010); *accord Matta-Troncoso v. Tyner*, 343 Ga. App. 63, 65-66 (806 SE2d 10) (2017).

[4] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted); *accord Swanson*, 335 Ga. App. at 810.

[5] *Holcomb v. Long*, 329 Ga. App. 515, 517 (1) (765 SE2d 687) (2014); *accord Kemp v. Kemp*, 337 Ga. App. 627, 633 (788 SE2d 517) (2016); *In the Interest of L. T.*, 325 Ga. App. 590, 591 (754 SE2d 380) (2014).

4

"presume that the General Assembly meant what it said and said what it meant."[6] And toward that end, we must afford the statutory text its plain and ordinary meaning,[7] consider the text contextually,[8] read the text "in its most natural and reasonable way, as an ordinary speaker of the English language would,"[9] and seek to "avoid a

---

[6] *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (punctuation omitted); *accord Holcomb*, 329 Ga. App. at 517 (1).

[7] *See Holcomb*, 329 Ga. App. at 517 (1); *accord Deal*, 294 Ga. at 172 (1) (a); *see also Tibbles v. Teachers Retirement Sys. of Ga.*, 297 Ga. 557, 558 (1) (775 SE2d 527) (2015) ("A statute draws it meaning, of course, from its text." (punctuation and citation omitted)); *Chan v. Ellis*, 296 Ga. 838, 839 (1) (770 SE2d 851) (2015) (same); *State v. Able*, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) ("A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies). . . ."); *Singletary v. State*, 310 Ga. App. 570, 572 (713 SE2d 698) (2011) ("In construing these statutes, we apply the fundamental rules of statutory construction that require us to construe the statutes according to their terms, [and] to give words their plain and ordinary meaning. . . ." (punctuation omitted)).

[8] *See Arizona v. Inter Tribal Council of Arizona, Inc.*, ___U.S. ___ (II) (B) (133 SCt. 2247, 186 LE2d 239) (2013) (Scalia, J.) ("Words that can have more than one meaning are given content, however, by their surroundings." (punctuation omitted)); *Deal*, 294 Ga. at 172 (1) (a) ("[W]e must view the statutory text in the context in which it appears[.]"); *see also Tibbles*, 297 Ga. at 558 (1) ("The common and customary usages of the words are important, but so is their context." (punctuation and citation omitted)); *Scherr v. Marriott Int'l, Inc.*, 703 F3d 1069, 1077 (II) (C) (2) (7th Cir. 2013) (Manion, J.) (noting that in statutory construction cases, courts "begin with the language of the statute itself and the specific context in which that language is used." (punctuation and citation omitted)).

[9] *Deal*, 294 Ga. at 172-73 (1) (a); *accord Holcomb*, 329 Ga. App. at 518 (1).

5

construction that makes some language mere surplusage."[10] In summary, when the language of a statute is "plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly."[11]

Turning to the relevant statutes, it is well established that "[a] lawsuit against a sheriff in his official capacity is considered a suit against the county, and the sheriff is entitled to assert any defense or immunity that the county could assert, including sovereign immunity."[12] But the Georgia Constitution provides that "the General Assembly may waive the immunity of counties, municipalities, and school districts by statute."[13] An example of such a waiver is illustrated by OCGA § 36-92-2 (a),

---

[10] *In the Interest of L.T.*, 325 Ga. App. at 592 (punctuation omitted); *accord Holcomb*, 329 Ga. App. at 518 (1).

[11] *Holcomb*, 329 Ga. App. at 518 (1) (punctuation omitted); *accord Luangkhot v. State*, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013); *see also Deal*, 294 Ga. at 173 (1) (a) ("[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (punctuation omitted)).

[12] *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011); *see Gilbert v. Richardson*, 264 Ga. 744, 746 (2) n.4 (452 SE2d 476) (1994) (noting that because sheriff was sued in his capacity as Walker County sheriff, plaintiff's claims are, in essence, claims against Walker County and the sheriff may raise any defense available to the county, including sovereign immunity).

[13] *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001); *see Strength*, 311 Ga. App. at 38 (1) ("Under our Constitution, Georgia counties enjoy sovereign

which provides: "The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the following limits. . . ." Nevertheless, while the General Assembly waived sovereign immunity for local government *entities* in such circumstances, OCGA § 36-92-3 (a) provides: "Any local government *officer* or *employee* who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor."[14]

Here, it is undisputed that Morrison is employed as a Gordon County sheriff's deputy and that he was driving a county-owned vehicle en route to the sheriff's office's evidence room—where he worked as an evidence custodian—when the accident with Davis occurred. Thus, under the plain language of OCGA § 36-92-3 (a), Morrison is not subject to liability for the accident, and Davis's claims against him are barred.[15]

---

immunity, and can be sued only if they have waived their immunity." (citation omitted)).

[14] (Emphasis supplied).

[15] *See Wilcox v. Fenn*, 289 Ga. 750, 751-52 (716 SE2d 144) (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against two individual county police officers); *DeLoach v. Elliott*, 289 Ga. 319, 321-22 (1) (710 SE2d 763) (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against individual city

Nevertheless, Davis argues that OCGA § 36-92-3 (a) does not bar his claims against Morrison because OCGA § 36-92-1 *et seq.* do not apply to a sheriff's office in any capacity. In doing so, Davis first notes that although OCGA § 36-92-2 (a) waives sovereign immunity for "local government entities," sheriff's offices are notably absent from the definition of that term found in OCGA § 36-92-1 (3), which provides: "Local government entity means any county, municipal corporation, or consolidated city-county government of this state." Davis then reasons that because sheriff's offices are not included in the definition of local government entities, sheriff's deputies cannot be characterized as a "[l]ocal government officer or employee," which OCGA § 36-92-1 (4) defines to mean "an officer, agent, servant, attorney, or employee of a local government entity."

We disagree that the term "local government entity" should be construed so narrowly as to exclude sheriffs' offices, which though separate from a county itself, nevertheless, "clearly perform governmental services on a local level."[16] And indeed,

___

police officer); *Ray v. City of Wilkins*, 318 Ga. App. 426, 428-29 (1) (736 SE2d 110) (2012) (holding that city police officer had immunity from plaintiff's lawsuit under OCGA § 32-92-3 (a)) (physical precedent only).

[16] *Channell v. Houston*, 287 Ga. 682, 684 (699 SE2d 308) (2010); *see Lawson v. Lincoln Cty*, 292 Ga. App. 527, 529 (664 SE2d 900) (2008) ("The Constitution of the State of Georgia designates the sheriff as a 'county officer' but grants the stated

8

this Court has explicitly held that OCGA § 36-92-2 (a) applies to a claim against a county sheriff's deputy for negligent use of a county-owned motor vehicle, and, thus, precludes the county sheriff from asserting sovereign immunity as a defense.[17] Accordingly, the trial court did not err in granting summary judgment to Morrison on the ground that Davis's claim against Morrison was barred by OCGA § 36-92-3 (a).[18]

2. Davis also contends that the trial court erred in granting summary judgment to Morrison on the ground that any claim in his complaint that could be construed as

_____

legislature the exclusive authority to establish the sheriff's 'qualifications, powers, and duties.' Ga. Const. Art. IX, Sec. I, Par. III (a) - (b).").

[17] *See Strength*, 311 Ga. App. at 38-39 (1) (holding that, under OCGA § 36-92-2 (a), county sheriff waived sovereign immunity as to plaintiff's claim that deputy's negligent use of county-owned vehicle resulted in accident that fatally injured plaintiff's decedent).

[18] In his enumeration of errors, Davis contends that the trial court erred in holding that he failed to sue the Gordon County Sheriff. Nonetheless, in addressing his second enumeration, he shifts focus and instead contends that his complaint sufficiently asserted a claim against Morrison in his official capacity as an employee of the Gordon County Sheriff's Office. Furthermore, in the first sentence of this argument, Davis acknowledges that he is essentially making a contingent argument, *i.e.*, that this issue becomes necessary to address only if this Court agrees with his initial contention that the trial court erred in finding that OCGA § 36-92-3 (a) bars his claim against Morrison. But given our holding in Division 1 that the trial court correctly applied this statute, we need not address this enumeration of error.

9

a claim against the Sheriff of Gordon County is barred by his failure to provide an ante-litem notice to the Sheriff. Again, we disagree.

OCGA § 36-11-1 provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." Davis concedes that he did not serve an ante-litem notice upon Gordon County Sheriff Ralston, but he argues that, under OCGA § 36-11-1, his service of such notice upon the various Gordon County officials was sufficient. But this Court has explicitly held that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities.[19] Indeed, we have held that claims against a sheriff are not sustainable without the ante-litem notice.[20] Accordingly, we affirm the trial court's grant of summary judgment in favor of Morrison.

*Judgment affirmed. Ray and Self, JJ., concur.*

---

[19] *See Columbia Cty. v. Branton*, 304 Ga. App. 149, 151 (695 SE2d 674) (2010) (holding that OCGA § 36-11-1 "applies both to Columbia County and to Sheriff Whittle, who was sued in his official capacity only"), *overruled in part on other grounds by Harrison v. McAfee*, 338 Ga. App. 393, 402 (3) (788 SE2d 872) (2016).

[20] *See id.* at 151 n.2 (holding that the claims against the sheriff are not sustainable without the ante litem notice).