**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 14, 2019**

# In the Court of Appeals of Georgia

A18A1721. MOATS et al. v. MENDEZ.

DILLARD, Chief Judge.

Efrain Mendez sued Polk County Sheriff Johnny Moats, in his official capacity, and Deputy Sheriff Kathryn Allred, in her individual and official capacities, alleging that he suffered injuries in an automobile accident caused by Allred's negligent driving of a county-owned vehicle. Moats and Allred moved jointly for dismissal, arguing that Mendez's claim against Allred is barred by OCGA § 36-92-3 (a) and that his claim against Moats is barred by his failure to provide the Sheriff's Office with an ante-litem notice. The trial court denied the defendants' motion to dismiss, and,

in this interlocutory appeal, Moats and Allred contend that it erred in doing so. For the reasons set forth *infra*, we reverse.[1]

On August 15, 2015, Mendez was driving his vehicle toward the intersection of South Main Street and Case Road in Cedartown, Georgia. As Mendez's vehicle entered the intersection, Deputy Allred—who was on-duty and driving a county-owned patrol vehicle—approached the intersection from the opposite direction and attempted to make a left-hand turn without yielding to oncoming traffic. As a result, her patrol vehicle collided with Mendez's vehicle, and Mendez suffered injuries.

On January 21, 2016, Mendez's counsel sent an ante-litem notice, via certified mail, to Polk County, informing the chairman of its Board of Commissioners of Mendez's claims against Allred; but counsel did not send an ante-litem notice to Sheriff Moats. Subsequently, on August 9, 2017,[2] Mendez filed a lawsuit against

---

[1] The Georgia Trial Lawyers Association filed an amicus brief in support of Mendez, and Moats filed a response to this amicus brief without seeking leave to do so. Although Court of Appeals Rule 26 permits "[a]micus curiae briefs to be filed without leave of Court," a *party* that wishes to respond to an amicus brief must seek leave under Court of Appeals Rule 27 (a) before doing so. Nevertheless, we have considered Moats's responsive brief.

[2] Mendez originally filed his lawsuit in November 2016, and initially did not name Allred as a defendant. But for reasons not relevant to this appeal, he dismissed his original lawsuit without prejudice and re-filed it as a renewal action on August 9, 2017.

Moats and Allred, alleging that he suffered injuries in an automobile accident caused by Allred's negligent driving of a county-owned patrol vehicle and that Moats was vicariously liable for his employee's negligence. Shortly thereafter, Mendez served his complaint upon Moats and Allred.

On September 9, 2017, Moats and Allred filed separate answers. And on that same date, they filed a consolidated motion to dismiss, arguing that (1) Mendez's claims against Allred were barred by OCGA § 36-92-3 (a), and (2) Mendez's failure to send an ante-litem notice to Moats or the Polk County Sheriff's Office barred any claim against Moats or Allred. Mendez filed a response to the motion, and several rounds of reply briefing ensued. On March 16, 2018, the trial court denied the motion to dismiss, but, ten days later, it granted Moats and Allred a certificate of immediate review. The defendants then filed an application for interlocutory appeal, which we granted.

This Court, of course, "conducts a *de novo* review of a trial court's ruling on a motion to dismiss."[3] In doing so, we are tasked with determining whether "the allegations of the complaint, when construed in the light most favorable to the

---

[3] *RES-GA YPL, LLC v. Rowland*, 340 Ga. App. 713, 714 (798 SE2d 315) (2017); *accord Dove v. Ty Cobb Healthcare Sys., Inc.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012).

3

plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts[.]"[4] But importantly, "we need not adopt a party's legal conclusions based on these facts."[5] With these guiding principles in mind, we turn now to the defendants' specific claims of error.

1. The defendants first contend that the trial court erred in denying their motion to dismiss Mendez's claim against Allred on the ground that it is barred by OCGA § 36-92-3 (a). We agree.

It is well established that a lawsuit against a sheriff in his official capacity is considered "a suit against the county, and the sheriff is entitled to assert any defense or immunity that the county could assert, including sovereign immunity."[6]

---

[4] *Rowland*, 340 Ga. App. at 714 (punctuation omitted).

[5] *Id.* at 714 (punctuation omitted); *accord Dove*, 316 Ga. App. at 9; *see Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (1) (764 SE2d 398) (2014) ("While a trial court is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-party suggests that those facts dictate.").

[6] *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011); *see Gilbert v. Richardson*, 264 Ga. 744, 746 (2) n.4 (452 SE2d 476) (1994) (noting that because sheriff was sued in his capacity as Walker County sheriff, plaintiff's claims are, in essence, claims against Walker County and the sheriff may raise any defense available to the county, including sovereign immunity).

Nevertheless, the Georgia Constitution provides that "the General Assembly may waive the immunity of counties, municipalities, and school districts by statute."[7] And one such waiver is illustrated by OCGA § 36-92-2 (a), which provides: "The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the following limits. . . ." But while the General Assembly waived sovereign immunity for local government *entities* in such circumstances, OCGA § 36-92-3 (a) provides: "Any local government *officer* or *employee* who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor."[8] And recently, in *Davis v. Morrison*,[9] this Court specifically held that a county sheriff's deputies are included among the "local government officer[s]

---

[7] *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341 (2001); *see Strength*, 311 Ga. App. at 38 (1) ("Under our Constitution, Georgia counties enjoy sovereign immunity, and can be sued only if they have waived their immunity." (citation omitted)).

[8] (Emphasis supplied).

[9] 344 Ga. App. 527 (810 SE2d 649) (2018).

or employee[s]" not subject to liability under the plain meaning of OCGA § 36-92-3 (a), and, therefore, tort claims against such deputies arising out of their use of a county vehicle in the course of their employment are barred as a matter of law.[10]

Mendez, nevertheless, asserts (and the trial court apparently agreed) that Allred is subject to liability in this instance because the County purchased insurance coverage for the sheriff's vehicles and, thus, under OCGA § 33-24-51, has waived sovereign immunity. But similar to OCGA § 36-92-2 (a), OCGA § 33-24-51 (b) draws a distinction between employees and entities, providing that "sovereign immunity of local government *entities* for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2."[11] Suffice it to say, Allred is not a governmental entity. Rather, she is an employee. Indeed, similarly to the facts of *Davis*, Allred is employed as a Polk County sheriff's deputy, she was on duty, and she was driving a county-owned patrol vehicle when the accident that injured Mendez occurred.[12] Given these particular

---

[10] *See id.* at 530-31 (1) (holding that plaintiff's negligence claim against sheriff's deputy, who was driving a county-owned vehicle in the scope of his employment, was barred by OCGA § 36-92-3 (a)).

[11] (Emphasis supplied).

[12] *See Davis*, 344 Ga. App. at 527-28.

6

circumstances, "under the plain language of OCGA § 36-92-3 (a), [Allred] is not subject to liability for the accident, and [Mendez's] claims against [her] are barred."[13] Accordingly, the trial court erred in denying the defendants' motion to dismiss Allred on the ground that Mendez's tort claim against her is barred by OCGA § 36-92-3 (a).

2. The defendants also contend that the trial court erred in denying their motion to dismiss on the ground that Mendez's claim against Moats is barred by his failure to provide the Sheriff's Office with an ante-litem notice. Again, we agree.

OCGA § 36-11-1 provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." Here, it is undisputed that Mendez did not serve Moats or the Polk County Sheriff's Office with an ante-litem notice. Nonetheless, he argues that, under OCGA § 36-11-1, his service of such notice on Polk County officials sufficiently provided Moats with notice as

---

[13] *Davis*, 344 Ga. App. at 530 (1); *see also Wilcox v. Fenn*, 289 Ga. 750, 751-52 (716 SE2d 144) (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against two individual county police officers); *DeLoach v. Elliott*, 289 Ga. 319, 321-22 (1) (710 SE2d 763) (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against individual city police officer).

7

well. But this Court has explicitly held—and recently reiterated—"that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities."[14] Indeed, as we stated in *Branton*—and reiterated in *Davis*—"claims against [a sheriff] are not sustainable without the ante-litem notice."[15]

The dissent notes that *Branton* did not specifically focus on the issue before us but, rather, decided that the statutes, which tolled the limitations period for a crime victim and a plaintiff deterred by fraud to file a tort action, respectively, did not toll the one-year limitations period for a plaintiff to serve an ante-litem notice on the county and sheriff required by OCGA § 36-11-1.[16] The dissent then reasons that

---

[14] *Davis*, 344 Ga. App. at 532 (2); *see Columbia Cty. v. Branton*, 304 Ga. App. 149, 151 (695 SE2d 674) (2010) (holding that OCGA § 36-11-1 "applies both to Columbia County and to Sheriff Whittle, who was sued in his official capacity only"), *overruled in part on other grounds by Harrison v. McAfee*, 338 Ga. App. 393, 402 (3) (788 SE2d 872) (2016).

[15] *Branton*, 304 Ga. App. at 151 n.2; *see Davis*, 344 Ga. App. at 532 (2) (holding that the claims against the sheriff are not sustainable without the ante-litem notice); *see also Martin v. Monroe Cty.* No. 5:18-cv-252 (MTT), 2018 WL 6579165 *3 (M.D. Ga. Dec. 13, 2018) (citing *Davis* and noting that plaintiff's argument that *Davis* misapplied precedent lacked merit).

[16] *See Branton*, 304 Ga. App. at 152-54 (1), (2) (holding that because neither OCGA § 9-3-96 nor OCGA § 9-3-99 tolled the time during which plaintiff was required to serve the ante-litem notice on the county defendants, plaintiff's action was time-barred).

8

because a claim against a sheriff is essentially a claim against the county[17] and OCGA § 36-11-1 only generally refers to "claims against counties,"[18] presentment of such a claim solely to the county, even when the claim is actually against the sheriff, satisfies the statute. The dissent, thus, opines that our conclusion reached here and in *Davis* is incorrect. But in reaching *its* conclusion, the dissent both minimizes the fact that OCGA § 36-11-1 fails to specify to whom presentment must be made and elides the fact that the Georgia Constitution and our well-established case law treats the county and sheriff as separate and distinct entities. Accordingly, we find the dissent's reasoning unpersuasive.[19]

---

[17] *See Gilbert v. Richardson*, 264 Ga. 744, 746 (2) n.4 (452 SE2d 476) (1994) (noting that the plaintiffs' claims against the sheriff in his official capacity "are, in essence, claims against [the county] . . ."); *Seay v. Cleveland*, 270 Ga. 64, 65 (1) (508 SE2d 159) (1998) (same); *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011) ("A lawsuit against a sheriff in his official capacity is considered a suit against the county . . ."); *Nichols v. Prather*, 286 Ga. App. 889, 893 (2) (650 SE2d 380) (2007) (same).

[18] *See* OCGA § 36-11-1.

[19] The dissent does not "believe that presentment to the sheriff, if that had been done, would be insufficient" because "[t]he presentment sometimes may be submitted to the governing authority by delivering it to subordinate officers of the county government . . . ." But as explained *infra*, sheriffs can in no way be characterized as "subordinate officers of the county government," even if our Constitution refers to them as county officers. Thus, the dissent's reasoning, when taken to its logical end, requires one of two conclusions: OCGA § 36-11-1 does not apply to sheriffs at all or

9

The Constitution of the State of Georgia designates the sheriff as a "county officer," but grants the General Assembly the *exclusive* authority to establish the sheriff's "qualifications, powers, and duties."[20] And because sheriffs are "elected by county voters, it is not surprising that [our] Constitution labels sheriffs as county officers."[21] Nevertheless,

> given how [our] Constitution also makes the sheriff's office a constitutional office independent from the county entity itself, *precludes all county control*, and grants only the State control over sheriffs, this 'county officer' nomenclature necessarily reflects a geographic label defining the territory in which a sheriff is elected and mainly operates.[22]

---

the statute mandates that presentment of an ante-litem notice to the sheriff must be made only to the county. And in our view, neither of these interpretations of the statute is sound.

[20] Ga. Const., Art. IX, § I, ¶ III (a)-(b); *accord Lawson v. Lincoln Cty.*, 292 Ga. App. 527, 529 (664 SE2d 900) (2008); *see Teasley v. Freeman*, 305 Ga. App. 1, 4 (1) (699 SE2d 39) (2010) (noting that a county commission does not control the sheriff's execution of his duties); *Brown v. Dorsey*, 276 Ga. App. 851, 855-56 (1) (625 SE2d 16) (2005) (noting that although the county commission sets the sheriff's budget, the commissioners may not dictate to the sheriff how that budget will be spent in the exercise of his or her duties).

[21] *Manders v. Lee*, 338 F3d 1304, 1312 (III) (11th Cir. 2003).

[22] *Id.* (emphasis supplied); *see also Freeman v. Brandau*, 292 Ga. App. 300, 301 (664 SE2d 299) (2008) (noting that the "sheriff . . . is an elected constitutional county officer, not a county employee.").

Indeed, in interpreting this constitutional provision, the Supreme Court of Georgia has explicitly noted that the sheriff "is an elected, constitutional officer; he is subject to the charge of the General Assembly and is not an employee of the county commission."[23] This constitutionally mandated distinction is crucial in this context because among the chief reasons for requiring an ante-litem notice or presentment are to provide the governmental entity or officer being *sued*—here, the sheriff—with "the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation"[24] by compromising a claim before suit is filed. This, the county may not do,[25] and thus any presentment of an ante-litem notice to the county

---

[23] *Bd. of Comm'rs. of Randolph Cty. v. Wilson*, 260 Ga. 482, 482 (396 SE2d 903) (1990); *accord Channell v. Houston*, 287 Ga. 682, 684 (699 SE2d 308) (2010); *Bd. of Comm'rs. of Dougherty Cty. v. Saba*, 278 Ga. 176, 177 (598 SE2d 437) (2004); *Lawson*, 292 Ga. App. at 529.

[24] *City of Columbus v. Barngrover*, 250 Ga. App. 589, 596 (4) (552 SE2d 536) (2001); *accord Burton v. DeKalb Cty*, 202 Ga. App. 676, 678 (415 SEE2d 647 (1992); *see Croy v. Whitfield Cty.*, 301 Ga. 380, 385 (2) (801 SE2d 892) (2017) (noting that the purpose of OCGA § 36-11-1 "is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation." (citations and punctuation omitted)).

[25] *See, e.g., Saba*, 278 Ga. at 177 (holding that a county may not dictate how a sheriff's budget will be spent).

11

is entirely ineffectual.[26] The acknowledgment of this constitutional distinction is also, importantly for our purposes, reflected in a well-established line of jurisprudence, holding that "[t]he sheriff, and not the county, is liable for the misconduct of his deputies."[27] Consequently, the county "cannot be held vicariously liable for [a sheriff's] alleged negligence."[28]

Turning back to OCGA § 36-11-1, our Supreme Court has recently noted that "the statute does not say exactly how presentment is to be made."[29] And focusing on this lack of specificity, the dissent argues that presentment of a claim to the sheriff when the sheriff is being sued is, therefore, not required. But the dissent's argument

---

[26] *See supra* notes 19-21.

[27] *Nichols*, 286 Ga. App. at 895 (3) (punctuation omitted); *accord Brown v. Jackson*, 221 Ga. App. 200, 201 (2) (470 SE2d 786) (1996); *Wayne Cty. v. Herrin*, 210 Ga. App. 747, 751 (3) (437 SE2d 793) (1993).

[28] *Nichols*, 286 Ga. App. at 895 (3); *see Lowe v. Jones Cty.*, 231 Ga. App. 372, 373 (2) (499 SE2d 348) (1998) (holding that because deputies are employees of the sheriff and not the county, a vicarious liability claim against the county for a deputy's conduct is precluded); *Brown*, 221 Ga. App. at 201 (2) (holding that because deputy was the employee of the sheriff and not the county, sheriff and not the county would have been the proper party to have sued under a theory of respondeat superior).

[29] *Croy*, 301 Ga. at 381 (2).

12

overlooks or ignores the fact that our appellate courts have required that other statutes be applied to sheriffs despite similarly failing to specifically reference them. For instance, OCGA § 33-24-51 does not mention sheriffs, but a sheriff's entitlement to sovereign immunity may be waived under its provisions.[30] Additionally, OCGA § 36-92-2 has been found applicable to sheriffs despite not explicitly referencing them.[31] And we have also held that the Workers' Compensation Act requires sheriffs to be treated as a deputy's employer despite the Act failing to specifically define them in such a manner.[32] Thus, our conclusion that OCGA § 36-11-1 is similarly applicable to sheriffs is entirely consistent with our prior jurisprudential practices. No new ground is being broken here.

---

[30] *See Wingler v. White*, 344 Ga. App. 94, 100 (1) (808 SE2d 901) (2017) (noting that the sovereign immunity afforded to a sheriff sued in his official capacity is waived if the criteria in OCGA § 33-24-51 (b) have been satisfied).

[31] *See Strength*, 311 Ga. App. at 38 (1) (holding that the waiver outlined in OCGA § 36-92-2 applies to claims against a sheriff).

[32] *See Teasley*, 305 Ga. App. at 3 (1) ("While the definition [in OCGA § 34-9-1 (3)] does not specifically enumerate what aspects of a 'county' are included, it is logical in this context that a sheriff would be deemed a deputy's employer by virtue of (i) his status as a county officer, and (ii) the Act's treatment of counties as employers.").

Given that in circumstances such as those at issue in this matter, a plaintiff is legally precluded from even naming a county as a proper defendant, and given that the language of OCGA § 36-11-1 does not mandate otherwise,[33] we find that a contextual assessment of the relevant constitutional and statutory provisions and precedent, as well as simple logic, dictate that presentment of a claim for which the sheriff can be held vicariously liable must be directed to the sheriff.[34] Thus, *Davis* was correctly decided and we need not revisit it.[35] Accordingly, the trial court erred in denying the defendants' motion to dismiss on the ground that Mendez's claim against Moats is barred by his failure to provide the Sheriff's Office with notice of such claim under OCGA § 36-11-1.

---

[33] *See Croy*, 301 Ga. at 381 (2) (noting that OCGA § 36-11-1 does not say exactly how presentment is to be made).

[34] *See supra* note 14.

[35] *Mendez* has not asked this Court to revisit *Davis*, but merely disagrees that its holding requires reversing the trial court. Silence in this regard is a consideration of great significance, and, in addition to the factors discussed *supra*, leads us to conclude that applying the doctrine of stare decisis with regard to *Davis* is the more sound approach. *See Benefield v. Tominich*, 308 Ga. App. 605, 613 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante) (observing that "the application of the doctrine of stare decisis is essential to the performance of a well-ordered system of jurisprudence," and "it is the duty of appellate judges to make concessions to stare decisis (punctuation omitted)).

For all these reasons, we reverse the trial court's order denying the defendants' motion to dismiss.

*Judgment reversed. Reese, Coomer, and Hodges, JJ., concur. McMillian, Rickman, Mercier, Brown, Gobeil, Goss, and Markle, JJ., concur fully and specially. Barnes, P. J., Miller, P. J., Doyle, P. J., and McFadden, P. J., concur in part and dissent in part.*

A18A1721. MOATS et al. v. MENDEZ.

MERCIER, Judge, concurring fully and specially.

I concur fully in the majority's opinion, but write separately to emphasize that the issue raised in Division 2 was decided by a unanimous panel of this Court just 13 months ago in *Davis v. Morrison*, 344 Ga. App. 527 (810 SE2d 649) (2018). Interpreting OCGA § 36-11-1, *Davis* explicitly determined that a county sheriff sued in his or her official capacity must be served with an ante litem notice. See 344 Ga. App. at 531-532 (2). Although the dissent's arguments are appealing and not unreasonable, the majority's analysis and the clear precedent established in *Davis* are sound. I see no reason to revisit Davis's clear holding. As we recently noted:

> Even those who regard "stare decisis" with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, the interpretation has become an integral part of

the statute. This having been done, any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute.

*Callaway Blue Springs v. West Basin Capital*, 341 Ga. App. 535, 542 (1) (n. 40) (801 SE2d 325) (2017) (punctuation and citation omitted, superseded by statute on other grounds as stated in *RES-GA McDonough v. Taylor English Duma*, 302 Ga. 444, 448 (1) (807 SE2d 381) (2017)).

I am authorized to state that McMillian, Rickman, Brown, Gobeil, Goss, and Markle, JJ., join in this special concurrence.

A18A1721. MOATS et al. v. MENDEZ.

DOYLE, Presiding Judge, concurring in part and dissenting in part.

Because I believe that Mendez's notice to Polk County satisfied the presentment requirement in OCGA § 36-11-1, I would affirm the trial court's denial of the consolidated motion to dismiss Sheriff Moats and Deputy Allred in their official capacities. With respect to Deputy Allred in her individual capacity, I agree that she is immune under OCGA § 36-92-3 (a).[1] Accordingly, I fully concur with Division 1 and respectfully dissent to Division 2.

This case arises in the context of a respondeat superior action against a sheriff and his deputy based on the alleged negligence of the deputy in an on-duty

---

[1] Mendez urges that the County should be substituted as the proper defendant under OCGA § 36-92-3 (b), but as noted below, the sheriff (not the county) is the proper defendant in a suit against a deputy in her official capacity asserting a respondeat superior claim.

automobile collision. The plaintiff, Mendez, timely presented his claim to Polk County and not the sheriff, so the question is whether this met his obligation under the county presentment statute, OCGA § 36-11-1.

To answer this question, the majority primarily relies on *Davis v. Morrison*,[2] which stands for the proposition "that [the presentment requirement in] OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities."[3] Based on this principle, the *Davis* court held that a plaintiff was required to present his claim against a deputy to the *sheriff*, so the plaintiff's presentment to the *county* was insufficient and fatal to his suit.[4]

In so holding, *Davis* relied on *Columbia County v. Branton*,[5] which addressed claims against a sheriff in his official capacity allegedly arising from a vehicle chase involving a sheriff's deputy and a fleeing suspect.[6] The plaintiff presented the claim to the county (and only the county) more than one year after the injury, so the issue

---

[2] 344 Ga. App. 527 (810 SE2d 649) (2018).

[3] Id. at 532 (2).

[4] See id.

[5] 304 Ga. App. 149 (695 SE2d 674) (2010), overruled in part on other grounds by *Harrison v. McAfee*, 338 Ga. App. 393, 402 (3) (788 SE2d 872) (2016).

[6] See *Branton*, 304 Ga. App. at 149-151.

2

in that case was, in part, whether the presentment requirement was tolled by certain statements made by law enforcement officers that allegedly concealed the facts supporting the claim.[7] After analyzing the facts, this Court held that none of the circumstances "tolled the time during which [the plaintiff] was required to serve the ante litem notice upon the county defendants, [so] this action is time-barred" by the plaintiff's failure to timely meet the presentment requirement in OCGA § 36-11-1.[8] The *Branton* court did not address the question presented here and in *Davis* — whether timely presentment to the county (as opposed to the sheriff) is sufficient — and I believe *Davis* improperly extended *Branton* in the present context.

> Turning to the actual text of the presentment requirement, I note that

> [w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.[9]

---

[7] See id. at 153-154 (2). The plaintiff alleged that officers wrongfully denied that the deputy was actively pursuing the suspect who injured the plaintiff.

[8] Id. at 154 (2).

[9] (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

Also, "the statutory requirement, being in derogation of the common law, is strictly construed."[10]

The statutory text at issue is brief: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred. . . ."[11] This language is plain enough on its face that it applies to "claims against counties," but it gives no other direction. In the context of a respondeat superior claim, such as the instant case against a sheriff for his deputy's alleged negligence, it is well settled that the proper defendant for such a claim is the *sheriff*, and not the county.[12] Therefore, I question whether the statute as written should apply to a suit against a sheriff when the county is not a proper defendant.[13]

---

[10] *Strickland v. Wilson*, 205 Ga. App. 91, 93 (421 SE2d 94) (1992).

[11] OCGA § 36-11-1.

[12] See *Gilbert v. Richardson*, 264 Ga. 744, 754 (7) (452 SE2d 476) (1994) ("Since deputy sheriffs are employed by the sheriff rather than the county, sheriffs may be liable in their official capacity for a deputy's negligence in performing an official function."); *Brown v. Jackson*, 221 Ga. App. 200, 201 (2) (470 SE2d 786) (1996) ("[D]eputy sheriffs are employees of the sheriff rather than the county, and therefore the county cannot be liable for their actions as their principal."), citing *Gilbert*, 264 Ga. at 754 (7) and *Wayne County v. Herrin*, 210 Ga. App. 747, 751 (3) (437 SE2d 793) (1993) ("The sheriff, and not the county, is liable for the misconduct of his deputies.").

[13] In light of the brevity of the statute and the conflicting interpretations by the majority and this dissent, I believe that the county presentment statute is a good

Nevertheless, our case law holds that suits against a sheriff (i.e., a "county officer"[14]) in his official capacity "are, in essence, claims against [the county]."[15] In light of this, this Court has ruled that OCGA § 36-11-1 applies to cases brought against a sheriff in his official capacity.[16]

So if these cases are treated as "claims against counties" for purposes of the county presentment statute, then presentment *to the county* should suffice, particularly under a strict construction of the statute. As explained by the Supreme Court in *Croy v. Whitfield County*,[17] for more than 100 years, our courts have held that "presentment

candidate for clarification by the General Assembly. It is reasonable that a sheriff, a county officer independent of the county, would be entitled to presentment of a claim against him, but the current wording of the statute does not explicitly require it.

[14] Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a)-(b).

[15] *Gilbert*, 264 Ga. at 746 (2) n.4.

[16] See *Branton* 304 Ga. App. at 151 fn. 2 (holding that a suit against a sheriff in his official capacity "is tantamount to a suit against the county"), citing *Ward v. Dodson*, 256 Ga. App. 660, 662 (569 SE2d 554) (2002). Also, as appropriately noted by the majority, we have held that other statutes are operable with respect to sheriffs despite a lack of explicit reference to sheriffs. See *Wingler v. White*, 344 Ga. App. 94, 100 (1) (808 SE2d 901) (2017) (addressing OCGA § 33-24-51 (b)); *Strength*, 311 Ga. App. at 38 (1) (addressing OCGA § 36-92-2 (a)); *Teasley v. Freeman*, 305 Ga. App. 1, 3 (1) (699 SE2d 39) (2010) (addressing OCGA § 34-9-11).

[17] 301 Ga. 380 (801 SE2d 892) (2017).

is properly directed to the governing authority of the county."[18] The county and the sheriff are distinct, and the county leadership, not the sheriff, is the governing authority.[19] As such, the county is the entity responsible for allocating a budget to the sheriff and ultimately funding any settlement or judgment.[20] Further, the purpose of the presentment statute is "to provide . . . the county officials . . . timely notice of all demands against the county, in order that they might intelligently and advisedly take the proper action concerning the same."[21] As county officers, sheriffs routinely coordinate with their county on budgetary and related administrative affairs, and counties and their attorneys are more than capable of effectively communicating with a sheriff and his attorney when he is sued. Thus, consistent with more than a century

---

[18] Id. at 381 (2).

[19] See *Bd. of Commrs. v. Saba*, 278 Ga. 176, 177 (1) (598 SE2d 437) (2004) ("[A]s a county officer, the sheriff's budget and accounts are subject to the authority of the county commission, which can amend or change estimates of required expenditures presented by the county officer. The county commission has [discretion] to cut the budget of an elected constitutional county officer [subject to judicial review].").

[20] See id.; *Lawson v. Lincoln County*, 292 Ga. App. 527, 529 (664 SE2d 900) (2008).

[21] *Croy*, 301 Ga. at 385 (2).

of precedent, presentment to the county in this case is supported by the text of the statute and advances the purpose of OCGA § 36-11-1.[22]

The presentment requirement is purely a creature of statute that exists in derogation of common law.[23] As such, the requirement should not be extended by analogy or approximation nor made more specific,[24] no matter how reasonable the result nor how minimal the burden to plaintiffs.

---

[22] In reaching this conclusion, I add that I do not believe that presentment to the sheriff, if that had been done, would be insufficient. As explained in *Croy*, the county presentment statute "does not always and inevitably require that the presentment be directly laid in the hands of the members of the governing authority. The presentment sometimes may be submitted to the governing authority by delivering it to subordinate officers of the county government," such as the county attorney in *Croy*. *Croy*, 301 Ga. at 384 (2). While a sheriff is not considered a subordinate county officer, there is no dispute that a sheriff is a "county officer." As such, presentment to the sheriff should suffice under the reasoning in *Croy*, particularly when the sheriff is the defendant. See *Croy*, 301 Ga. at 384 (2). See also *Teasley*, 305 Ga. App. at 3 (1) ("it is self-evident that a sheriff is not an entity entirely separate from the county for all purposes, rather he is an elected officer operating within the framework of a county as composed by the Constitution and relevant statutes"). Accordingly, my holding here is narrow: not that presentment must be made to the county governing body and only that body; rather, that presentment to the county in this case (as opposed to the sheriff) met Mendez's burden under OCGA § 36-11-1.

[23] See *Strickland*, 205 Ga. App. at 93.

[24] Cf. *Croy*, 301 Ga. at 384 (2) (noting the lack of specificity in the presentment statute such that it "*does not always and inevitably require* that the presentment be directly laid in the hands of" a specific county body or officer) (emphasis supplied).

7

Unlike other similar ante litem statutes, the county presentment statute says nothing about to whom presentment must be made,[25] nor does the statutory text support the conclusion that presenting "claims against counties"[26] *to the county* is somehow insufficient. Absent more specificity in the statue, allowing presentment to the county here is the "most natural and reasonable"[27] way to read the text, and I believe we should overrule the contrary holding in *Davis* — a relatively recent and isolated case without a long legacy of precedent associated with it.[28] Indeed, if this

[25] In this way, the presentment statute is different from ante litem notice statutes such as the Georgia Tort Claims Act, OCGA § 50-21-26 (a) (2) (outlining a requirement to notify the Risk Management Division of the Department of Administrative Services and the state government entity alleged to be at fault), and the municipal presentment statute, OCGA § 36-33-5 (b) (explicitly requiring notice "in writing to the governing authority of the municipal corporation"). See generally *Croy*, 301 Ga. at 383 n.6 ("There are important textual differences between the municipal ante litem notice and county presentment statutes. No one should misunderstand us to suggest that the statutes should be construed consistently in every context.").

[26] OCGA § 36-11-1.

[27] *Deal*, 294 Ga. at 172 (1) (a).

[28] See *State v. Jackson*, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010) ("Stare decisis is an important principle that promotes the rule of law, particularly in the context of statutory interpretation, where our incorrect decisions are more easily corrected by the democratic process. However, stare decisis is not an inexorable command, nor a mechanical formula of adherence to the latest decision. Stare decisis is instead a principle of policy. In considering whether to reexamine a prior erroneous holding, we must balance the importance of having the question *decided* against the

should be considered a suit against the sheriff in a more narrow sense (and not a suit against the county), then the county presentment statute should not apply at all. Accordingly, I respectfully disagree that Mendez failed to meet the presentment requirement in OCGA § 36-11-1 when he timely presented his claim to the chairman of the Polk County Board of Commissioners.

I am authorized to state that Presiding Judge Barnes, Presiding Judge Miller, and Presiding Judge McFadden join in this dissent.

---

importance of having it *decided right*. In doing so, we consider factors such as the age of the precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning.") (citation and punctuation omitted; emphasis in original).