Dillard, Chief Judge.
Efrain Mendez sued Polk County Sheriff Johnny Moats, in his official capacity, and Deputy Sheriff Kathryn Allred, in her individual and official capacities, alleging that he suffered injuries in an automobile accident caused by Allred's negligent driving of a county-owned vehicle. Moats and Allred moved jointly for dismissal, arguing that Mendez's claim against Allred is barred by OCGA § 36-92-3 (a) and that his claim against Moats is barred by his failure to provide the Sheriff's Office with an ante-litem notice. The trial court denied the defendants' motion to dismiss, and, in this interlocutory appeal, Moats and Allred contend that it erred in doing so. For the reasons set forth infra , we reverse.[1]
On August 15, 2015, Mendez was driving his vehicle toward the intersection of South *810 Main Street and Case Road in Cedartown, Georgia. As Mendez's vehicle entered the intersection, Deputy Allred-who was on-duty and driving a county-owned patrol vehicle-approached the intersection from the opposite direction and attempted to make a left-hand turn without yielding to oncoming traffic. As a result, her patrol vehicle collided with Mendez's vehicle, and Mendez suffered injuries.
On January 21, 2016, Mendez's counsel sent an ante-litem notice, via certified mail, to Polk County, informing the chairman of its Board of Commissioners of Mendez's claims against Allred; but counsel did not send an ante-litem notice to Sheriff Moats. Subsequently, on August 9, 2017,[2] Mendez filed a lawsuit against Moats and Allred, alleging that he suffered injuries in an automobile accident caused by Allred's negligent driving of a county-owned patrol vehicle and that Moats was vicariously liable for his employee's negligence. Shortly thereafter, Mendez served his complaint upon Moats and Allred.
On September 9, 2017, Moats and Allred filed separate answers. And on that same date, they filed a consolidated motion to dismiss, arguing that (1) Mendez's claims against Allred were barred by OCGA § 36-92-3 (a), and (2) Mendez's failure to send an ante-litem notice to Moats or the Polk County Sheriff's Office barred any claim against Moats or Allred. Mendez filed a response to the motion, and several rounds of reply briefing ensued. On March 16, 2018, the trial court denied the motion to dismiss, but, ten days later, it granted Moats and Allred a certificate of immediate review. The defendants then filed an application for interlocutory appeal, which we granted.
This Court, of course, "conducts a de novo review of a trial court's ruling on a motion to dismiss."[3] In doing so, we are tasked with determining whether "the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts[.]"[4] But importantly, "we need not adopt a party's legal conclusions based on these facts."[5] With these guiding principles in mind, we turn now to the defendants' specific claims of error.
1. The defendants first contend that the trial court erred in denying their motion to dismiss Mendez's claim against Allred on the ground that it is barred by OCGA § 36-92-3 (a). We agree.
It is well established that a lawsuit against a sheriff in his official capacity is considered "a suit against the county, and the sheriff is entitled to assert any defense or immunity that the county could assert, including sovereign immunity."[6] Nevertheless, the Georgia Constitution provides that "the General Assembly may waive the immunity of counties, municipalities, and school districts by statute."[7] And one such waiver is *811 illustrated by OCGA § 36-92-2 (a), which provides: "The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the following limits...." But while the General Assembly waived sovereign immunity for local government entities in such circumstances, OCGA § 36-92-3 (a) provides: "Any local government officer or employee who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor."[8] And recently, in Davis v. Morrison ,[9] this Court specifically held that a county sheriff's deputies are included among the "local government officer[s] or employee[s]" not subject to liability under the plain meaning of OCGA § 36-92-3 (a), and, therefore, tort claims against such deputies arising out of their use of a county vehicle in the course of their employment are barred as a matter of law.[10]
Mendez, nevertheless, asserts (and the trial court apparently agreed) that Allred is subject to liability in this instance because the County purchased insurance coverage for the sheriff's vehicles and, thus, under OCGA § 33-24-51, has waived sovereign immunity. But similar to OCGA § 36-92-2 (a), OCGA § 33-24-51 (b) draws a distinction between employees and entities, providing that "sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2."[11] Suffice it to say, Allred is not a governmental entity. Rather, she is an employee. Indeed, similarly to the facts of Davis , Allred is employed as a Polk County sheriff's deputy, she was on duty, and she was driving a county-owned patrol vehicle when the accident that injured Mendez occurred.[12] Given these particular circumstances, "under the plain language of OCGA § 36-92-3 (a), [Allred] is not subject to liability for the accident, and [Mendez's] claims against [her] are barred."[13] Accordingly, the trial court erred in denying the defendants' motion to dismiss Allred on the ground that Mendez's tort claim against her is barred by OCGA § 36-92-3 (a).
2. The defendants also contend that the trial court erred in denying their motion to dismiss on the ground that Mendez's claim against Moats is barred by his failure to provide the Sheriff's Office with an ante-litem notice. Again, we agree.
OCGA § 36-11-1 provides that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." Here, it is undisputed that Mendez did not serve Moats or the Polk County Sheriff's Office with an ante-litem notice. Nonetheless, he argues that, under OCGA § 36-11-1, his service of such notice on Polk County officials sufficiently provided Moats with notice as well. But this Court has explicitly held-and recently reiterated-"that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities."[14] Indeed, as we stated in Branton -and reiterated in Davis -"claims against [a sheriff]
*812 are not sustainable without the ante-litem notice."[15]
The dissent notes that Branton did not specifically focus on the issue before us but, rather, decided that the statutes, which tolled the limitations period for a crime victim and a plaintiff deterred by fraud to file a tort action, respectively, did not toll the one-year limitations period for a plaintiff to serve an ante-litem notice on the county and sheriff required by OCGA § 36-11-1.[16] The dissent then reasons that because a claim against a sheriff is essentially a claim against the county[17] and OCGA § 36-11-1 only generally refers to "claims against counties,"[18] presentment of such a claim solely to the county, even when the claim is actually against the sheriff, satisfies the statute. The dissent, thus, opines that our conclusion reached here and in Davis is incorrect. But in reaching its conclusion, the dissent both minimizes the fact that OCGA § 36-11-1 fails to specify to whom presentment must be made and elides the fact that the Georgia Constitution and our well-established case law treats the county and sheriff as separate and distinct entities. Accordingly, we find the dissent's reasoning unpersuasive.[19]
The Constitution of the State of Georgia designates the sheriff as a "county officer," but grants the General Assembly the exclusive authority to establish the sheriff's "qualifications, powers, and duties."[20] And because sheriffs are "elected by county voters, it is not surprising that [our] Constitution labels sheriffs as county officers."[21] Nevertheless,
given how [our] Constitution also makes the sheriff's office a constitutional office independent from the county entity itself, precludes all county control , and grants only the State control over sheriffs, this 'county officer' nomenclature necessarily reflects a geographic label defining the territory in which a sheriff is elected and mainly operates.[22]
Indeed, in interpreting this constitutional provision, the Supreme Court of Georgia has explicitly noted that the sheriff "is an elected, *813 constitutional officer; he is subject to the charge of the General Assembly and is not an employee of the county commission."[23] This constitutionally mandated distinction is crucial in this context because among the chief reasons for requiring an ante-litem notice or presentment are to provide the governmental entity or officer being sued- here, the sheriff-with "the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation"[24] by compromising a claim before suit is filed. This, the county may not do,[25] and thus any presentment of an ante-litem notice to the county is entirely ineffectual.[26] The acknowledgment of this constitutional distinction is also, importantly for our purposes, reflected in a well-established line of jurisprudence, holding that "[t]he sheriff, and not the county, is liable for the misconduct of his deputies."[27] Consequently, the county "cannot be held vicariously liable for [a sheriff's] alleged negligence."[28]
Turning back to OCGA § 36-11-1, our Supreme Court has recently noted that "the statute does not say exactly how presentment is to be made."[29] And focusing on this lack of specificity, the dissent argues that presentment of a claim to the sheriff when the sheriff is being sued is, therefore, not required. But the dissent's argument overlooks or ignores the fact that our appellate courts have required that other statutes be applied to sheriffs despite similarly failing to specifically reference them. For instance, OCGA § 33-24-51 does not mention sheriffs, but a sheriff's entitlement to sovereign immunity may be waived under its provisions.[30] Additionally, OCGA § 36-92-2 has been found applicable to sheriffs despite not explicitly referencing them.[31] And we have also held that the Workers' Compensation Act requires sheriffs to be treated as a deputy's employer despite the Act failing to specifically define them in such a manner.[32] Thus, our conclusion that OCGA § 36-11-1 is similarly applicable to sheriffs is entirely consistent with our prior jurisprudential practices. No new ground is being broken here.
Given that in circumstances such as those at issue in this matter, a plaintiff is legally precluded from even naming a county as a proper defendant, and given that the *814 language of OCGA § 36-11-1 does not mandate otherwise,[33] we find that a contextual assessment of the relevant constitutional and statutory provisions and precedent, as well as simple logic, dictate that presentment of a claim for which the sheriff can be held vicariously liable must be directed to the sheriff.[34] Thus, Davis was correctly decided and we need not revisit it.[35] Accordingly, the trial court erred in denying the defendants' motion to dismiss on the ground that Mendez's claim against Moats is barred by his failure to provide the Sheriff's Office with notice of such claim under OCGA § 36-11-1.
For all these reasons, we reverse the trial court's order denying the defendants' motion to dismiss.
Judgment reversed.
Reese, Coomer, and Hodges, JJ., concur. McMillian, Rickman, Mercier, Brown, Gobeil, Goss, and Markle, JJ., concur fully and specially. Barnes, P. J., Miller, P. J., Doyle, P. J., and McFadden, P. J., concur in part and dissent in part.
Mercier, Judge, concurring fully and specially.
I concur fully in the majority's opinion, but write separately to emphasize that the issue raised in Division 2 was decided by a unanimous panel of this Court just 13 months ago in Davis v. Morrison , 344 Ga. App. 527, 810 S.E.2d 649 (2018). Interpreting OCGA § 36-11-1, Davis explicitly determined that a county sheriff sued in his or her official capacity must be served with an ante litem notice. See 344 Ga. App. at 531-532 (2), 810 S.E.2d 649. Although the dissent's arguments are appealing and not unreasonable, the majority's analysis and the clear precedent established in Davis are sound. I see no reason to revisit Davis's clear holding. As we recently noted:
Even those who regard "stare decisis" with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, the interpretation has become an integral part of the statute. This having been done, any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute.
Callaway Blue Springs v. West Basin Capital , 341 Ga. App. 535, 542 (1) (n. 40), 801 S.E.2d 325 (2017) (punctuation and citation omitted, superseded by statute on other grounds as stated in RES-GA McDonough v. Taylor English Duma , 302 Ga. 444, 448 (1), 807 S.E.2d 381 (2017) ).
I am authorized to state that McMillian, Rickman, Brown, Gobeil, Goss, and Markle, JJ., join in this special concurrence.

The Georgia Trial Lawyers Association filed an amicus brief in support of Mendez, and Moats filed a response to this amicus brief without seeking leave to do so. Although Court of Appeals Rule 26 permits "[a]micus curiae briefs to be filed without leave of Court," a party that wishes to respond to an amicus brief must seek leave under Court of Appeals Rule 27 (a) before doing so. Nevertheless, we have considered Moats's responsive brief.

Mendez originally filed his lawsuit in November 2016, and initially did not name Allred as a defendant. But for reasons not relevant to this appeal, he dismissed his original lawsuit without prejudice and re-filed it as a renewal action on August 9, 2017.

RES-GA YPL, LLC v. Rowland , 340 Ga. App. 713, 714, 798 S.E.2d 315 (2017) ; accord Dove v. Ty Cobb Healthcare Sys., Inc. , 316 Ga. App. 7, 9, 729 S.E.2d 58 (2012).

Rowland , 340 Ga. App. at 714, 798 S.E.2d 315 (punctuation omitted).

Id. at 714, 798 S.E.2d 315 (punctuation omitted); accord Dove , 316 Ga. App. at 9, 729 S.E.2d 58 ; see Trop, Inc. v. City of Brookhaven , 296 Ga. 85, 87 (1), 764 S.E.2d 398 (2014) ("While a trial court is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-party suggests that those facts dictate.").

Strength v. Lovett , 311 Ga. App. 35, 38 (1), 714 S.E.2d 723 (2011) ; see Gilbert v. Richardson , 264 Ga. 744, 746 (2) n.4, 452 S.E.2d 476 (1994) (noting that because sheriff was sued in his capacity as Walker County sheriff, plaintiff's claims are, in essence, claims against Walker County and the sheriff may raise any defense available to the county, including sovereign immunity).

Cameron v. Lang , 274 Ga. 122, 126 (3), 549 S.E.2d 341 (2001) ; see Strength , 311 Ga. App. at 38 (1), 714 S.E.2d 723 ("Under our Constitution, Georgia counties enjoy sovereign immunity, and can be sued only if they have waived their immunity." (citation omitted)).

(Emphasis supplied).

344 Ga. App. 527, 810 S.E.2d 649 (2018).

See id. at 530-31 (1), 810 S.E.2d 649 (holding that plaintiff's negligence claim against sheriff's deputy, who was driving a county-owned vehicle in the scope of his employment, was barred by OCGA § 36-92-3 (a) ).

(Emphasis supplied).

See Davis , 344 Ga. App. at 527-28, 810 S.E.2d 649.

Davis , 344 Ga. App. at 530 (1), 810 S.E.2d 649 ; see also Wilcox v. Fenn , 289 Ga. 750, 751-52, 716 S.E.2d 144 (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against two individual county police officers); DeLoach v. Elliott , 289 Ga. 319, 321-22 (1), 710 S.E.2d 763 (2011) (holding that OCGA § 36-92-3 (a) barred plaintiff's lawsuit against individual city police officer).

Davis , 344 Ga. App. at 532 (2), 810 S.E.2d 649 ; see Columbia Cty. v. Branton , 304 Ga. App. 149, 151, 695 S.E.2d 674 (2010) (holding that OCGA § 36-11-1"applies both to Columbia County and to Sheriff Whittle, who was sued in his official capacity only"), overruled in part on other grounds by Harrison v. McAfee , 338 Ga. App. 393, 402 (3), 788 S.E.2d 872 (2016).

Branton , 304 Ga. App. at 151 n.2, 695 S.E.2d 674 ; see Davis , 344 Ga. App. at 532 (2), 810 S.E.2d 649 (holding that the claims against the sheriff are not sustainable without the ante-litem notice); see also Martin v. Monroe Cty. No. 5:18-cv-252 (MTT), 2018 WL 6579165 *3 (M.D. Ga. Dec. 13, 2018) ) (citing Davis and noting that plaintiff's argument that Davis misapplied precedent lacked merit).

See Branton , 304 Ga. App. at 152-54 (1), (2), 695 S.E.2d 674 (holding that because neither OCGA § 9-3-96 nor OCGA § 9-3-99 tolled the time during which plaintiff was required to serve the ante-litem notice on the county defendants, plaintiff's action was time-barred).

See Gilbert v. Richardson , 264 Ga. 744, 746 (2) n.4, 452 S.E.2d 476 (1994) (noting that the plaintiffs' claims against the sheriff in his official capacity "are, in essence, claims against [the county] ..."); Seay v. Cleveland , 270 Ga. 64, 65 (1), 508 S.E.2d 159 (1998) (same); Strength v. Lovett , 311 Ga. App. 35, 38 (1), 714 S.E.2d 723 (2011) ("A lawsuit against a sheriff in his official capacity is considered a suit against the county ..."); Nichols v. Prather , 286 Ga. App. 889, 893 (2), 650 S.E.2d 380 (2007) (same).

See OCGA § 36-11-1.

The dissent does not "believe that presentment to the sheriff, if that had been done, would be insufficient" because "[t]he presentment sometimes may be submitted to the governing authority by delivering it to subordinate officers of the county government ...." But as explained infra , sheriffs can in no way be characterized as "subordinate officers of the county government," even if our Constitution refers to them as county officers. Thus, the dissent's reasoning, when taken to its logical end, requires one of two conclusions: OCGA § 36-11-1 does not apply to sheriffs at all or the statute mandates that presentment of an ante-litem notice to the sheriff must be made only to the county. And in our view, neither of these interpretations of the statute is sound.

Ga. Const., Art. IX, § I, ¶ III (a)-(b); accord Lawson v. Lincoln Cty. , 292 Ga. App. 527, 529, 664 S.E.2d 900 (2008) ; see Teasley v. Freeman , 305 Ga. App. 1, 4 (1), 699 S.E.2d 39 (2010) (noting that a county commission does not control the sheriff's execution of his duties); Brown v. Dorsey , 276 Ga. App. 851, 855-56 (1), 625 S.E.2d 16 (2005) (noting that although the county commission sets the sheriff's budget, the commissioners may not dictate to the sheriff how that budget will be spent in the exercise of his or her duties).

Manders v. Lee , 338 F.3d 1304, 1312 (III) (11th Cir. 2003).

Id. (emphasis supplied); see also Freeman v. Brandau , 292 Ga. App. 300, 301, 664 S.E.2d 299 (2008) (noting that the "sheriff ... is an elected constitutional county officer, not a county employee.").

Bd. of Comm'rs. of Randolph Cty. v. Wilson , 260 Ga. 482, 482, 396 S.E.2d 903 (1990) ; accord Channell v. Houston , 287 Ga. 682, 684, 699 S.E.2d 308 (2010) ; Bd. of Comm'rs. of Dougherty Cty. v. Saba , 278 Ga. 176, 177, 598 S.E.2d 437 (2004) ; Lawson , 292 Ga. App. at 529, 664 S.E.2d 900.

City of Columbus v. Barngrover , 250 Ga. App. 589, 596 (4), 552 S.E.2d 536 (2001) ; accord Burton v. DeKalb Cty. , 202 Ga. App. 676, 678, 415 S.E.2d 647 (1992) ; see Croy v. Whitfield Cty. , 301 Ga. 380, 385 (2), 801 S.E.2d 892 (2017) (noting that the purpose of OCGA § 36-11-1"is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation." (citations and punctuation omitted)).

See, e.g., Saba , 278 Ga. at 177, 598 S.E.2d 437 (holding that a county may not dictate how a sheriff's budget will be spent).

See supra notes 19-21.

Nichols , 286 Ga. App. at 895 (3), 650 S.E.2d 380 (punctuation omitted); accord Brown v. Jackson , 221 Ga. App. 200, 201 (2), 470 S.E.2d 786 (1996) ; Wayne Cty. v. Herrin , 210 Ga. App. 747, 751 (3), 437 S.E.2d 793 (1993).

Nichols , 286 Ga. App. at 895 (3), 650 S.E.2d 380 ; see Lowe v. Jones Cty. , 231 Ga. App. 372, 373 (2), 499 S.E.2d 348 (1998) (holding that because deputies are employees of the sheriff and not the county, a vicarious liability claim against the county for a deputy's conduct is precluded); Brown , 221 Ga. App. at 201 (2), 470 S.E.2d 786 (holding that because deputy was the employee of the sheriff and not the county, sheriff and not the county would have been the proper party to have sued under a theory of respondeat superior).

Croy , 301 Ga. at 381 (2), 801 S.E.2d 892.

See Wingler v. White , 344 Ga. App. 94, 100 (1), 808 S.E.2d 901 (2017) (noting that the sovereign immunity afforded to a sheriff sued in his official capacity is waived if the criteria in OCGA § 33-24-51 (b) have been satisfied).

See Strength , 311 Ga. App. at 38 (1), 714 S.E.2d 723 (holding that the waiver outlined in OCGA § 36-92-2 applies to claims against a sheriff).

See Teasley , 305 Ga. App. at 3 (1), 699 S.E.2d 39 ("While the definition [in OCGA § 34-9-1 (3) ] does not specifically enumerate what aspects of a 'county' are included, it is logical in this context that a sheriff would be deemed a deputy's employer by virtue of (i) his status as a county officer, and (ii) the Act's treatment of counties as employers.").

See Croy , 301 Ga. at 381 (2), 801 S.E.2d 892 (noting that OCGA § 36-11-1 does not say exactly how presentment is to be made).

See supra note 14.

Mendez has not asked this Court to revisit Davis , but merely disagrees that its holding requires reversing the trial court. Silence in this regard is a consideration of great significance, and, in addition to the factors discussed supra , leads us to conclude that applying the doctrine of stare decisis with regard to Davis is the more sound approach. See Benefield v. Tominich , 308 Ga. App. 605, 613, 708 S.E.2d 563 (2011) (Blackwell, J., concurring dubitante) (observing that "the application of the doctrine of stare decisis is essential to the performance of a well-ordered system of jurisprudence," and "it is the duty of appellate judges to make concessions to stare decisis" (punctuation omitted)).