**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 10, 2023**

# In the Court of Appeals of Georgia

A22A1473. MORNEY v. KIKER et al.

GOBEIL, Judge.

Patricia Morney sued Douglas County and deputy sheriff Adam Kiker alleging that she suffered injuries after Kiker's and Morney's vehicles collided. Morney then moved to add the Douglas County sheriff as a party and subsequently filed an amended complaint against the sheriff, Kiker, and Douglas County. The sheriff, Kiker, and Douglas County filed a motion to dismiss Morney's amended complaint and opposed her motion to add a party. The trial court dismissed Morney's amended complaint, and denied her motion to add the sheriff. Morney now appeals from the trial court's order. For the reasons that follow, we affirm.

"In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in

the appellant's favor." *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 817 (788 SE2d 852) (2016) (citations and punctuation omitted). So viewed, the record shows that on August 25, 2019, Morney and Kiker were involved in an automobile collision, which Morney alleged resulted in injuries and damages. Morney subsequently mailed a letter via certified mail to the Douglas County Administrator and the Douglas County Commission Chair notifying them of the incident to satisfy the notice requirement of OCGA § 36-11-1. Following negotiations between Morney and the county's insurance carrier, Morney filed a complaint against Kiker and Douglas County. Kiker and Douglas County filed an answer and a motion to dismiss Morney's complaint arguing, inter alia, that the sheriff should have been substituted for Kiker, but that any claim against the sheriff was barred because "ante-litem" notice was not provided to the sheriff in accordance with OCGA § 36-11-1.[1]

Morney filed a motion to add the sheriff, and an amended complaint against the sheriff, Kiker, and Douglas County (collectively, "defendants"). The defendants filed an answer and a motion to dismiss Morney's amended complaint, in addition to a

---

[1] Although the notice required by OCGA § 36-11-1 is often called "ante litem" notice, "the statute on its face does not explicitly require notice separate from the complaint to be presented before the complaint is filed[,]" and therefore, the statute's mandate is properly called presentment. *Nusz v. Paulding County*, 361 Ga. App. 131, 134 n.7 (3) (863 SE2d 384) (2021) (citations and punctuation omitted).

response to her motion to add the sheriff as a party. The trial court granted the defendants' motion to dismiss and denied Morney's motion to add the sheriff, and Morney appeals from the trial court's order.[2]

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo." *Weathers*, 337 Ga. App. at 817 (citation and punctuation omitted). This Court has also held that

> a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Therefore, the movant must establish that the plaintiff cannot possibly introduce evidence within the allegations of the complaint entitling [her] to the relief sought.

---

[2] The trial court's order dismissed all of Morney's claims against the defendants. On appeal Morney only challenges the trial court's dismissal of her claims against the sheriff in his official capacity, but does not reference the court's dismissal of her claims against Kiker or Douglas County. Morney's failure to enumerate as error the trial court's dismissal of her claims against Kiker or Douglas County means that she has abandoned these claims, and therefore we will not consider them on appeal. See *Weathers*, 337 Ga. App. at 817 n.3 (appellant abandoned any challenge to the dismissal of certain claims by the trial court, where he did not contest their dismissal on appeal).

3

*Stafford v. Gareleck*, 330 Ga. App. 757, 758 (769 SE2d 169) (2015) (citations and punctuation omitted). With these guiding principles in mind, we now turn to Morney's claims of error.

1. Morney argues that the trial court erred in concluding that OCGA § 36-11-1 applies to official-capacity claims against sheriffs.

OCGA § 36-11-1 provides that

> [a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

The question of whether this statute applies to claims against sheriffs in their official capacity is not a new one. See e.g., *Moats v. Mendez*, 349 Ga. App. 811, 815 (2) (824 SE2d 808) (2019) ("*Moats I*"); *Davis v. Morrison*, 344 Ga. App. 527, 532 (2) (810 SE2d 649) (2018). In *Gilbert v. Richardson*, plaintiffs sued the deputy sheriff and the sheriff for damages following an automobile collision. 264 Ga. 744, 745 (452 SE2d 476) (1994). The Supreme Court of Georgia held that the plaintiffs' claims were "in essence, claims against [the county] and [that the sheriff] may raise any defense available to the county, including sovereign immunity." Id. at 746 (2) n.4. This Court, relying upon *Gilbert*, subsequently has held that the presentment requirements of

4

OCGA § 36-11-1 apply to both counties and the sheriff when sued in his individual capacity. See *Moats I*, 349 Ga. App. at 815 (2) ("[T]his Court has explicitly held . . . that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities.") (citation and punctuation omitted); *Davis*, 344 Ga. App. at 532 (2); *Columbia County v. Branton*, 304 Ga. App. 149, 151-152 (695 SE2d 674) (2010) (overruled in part on other grounds by *Harrison v. McAfee*, 338 Ga. App. 393, 402 (3) (788 SE2d 872) (2016)).

Morney's and the dissent's criticisms of our holdings on this issue are not unfounded. As noted by then-Presiding Justice Nahmias's concurrence vacating the grant of certiorari in *Moats I*, none of the cases cited in *Gilbert* for the proposition that official-capacity claims against sheriffs are the same as claims against the county actually involved claims against a sheriff.[3] *Mendez v. Moats*, 310 Ga. 114, 120-121 (2) (b) (852 SE2d 816) (2020) ("*Moats II*"). Additionally, the Supreme Court of

[3] See *Hiers v. City of Barwick*, 262 Ga. 129, 129, 132 (2) (414 SE2d 647) (1992) (holding that sovereign immunity is waived for the city and its chief of police due to the city's purchase of liability insurance); *Price v. Dept. of Transp.*, 257 Ga. 535, 536-537 (361 SE2d 146) (1987) (addressing the state's defense of sovereign immunity in a claim involving employees of a state agency); *Hennessy v. Webb*, 245 Ga. 329, 329-332 (264 SE2d 878) (1980) (considering the issue of governmental immunity in case against school principal); *Roberts v. Barwick*, 187 Ga. 691, 695-696 (2) (1 SE2d 713) (1939) (holding that sovereign immunity under the common law barred a suit against the state commissioner of agriculture).

5

Georgia's holding in *Gilbert* addressed whether the sheriff was allowed to raise the defense of sovereign immunity, which the Court ultimately held was waived because the county had purchased insurance. *Gilbert*, 264 Ga. at 751-752 (5). Therefore, "*Gilbert*'s equation of official-capacity claims against sheriffs and claims against counties seems questionable." *Moats II*, 310 Ga. at 121 (2) (b).

Nonetheless, the Supreme Court of Georgia held in *Gilbert* that suits against a sheriff in his official capacity are, in essence, claims against the county, *Gilbert*, 264 Ga. at 746 (2) n.4, and this Court has subsequently held that OCGA § 36-11-1 applies to cases brought against a sheriff in his official capacity.[4] Thus, we decline to revisit our previous holdings that OCGA § 36-11-1 applies to official-capacity claims against sheriffs, and therefore, the trial court did not err in finding that OCGA § 36-11-1 was applicable to this case.

---

[4] See *Moats I*, 349 Ga. App. at 815 (2); *Davis*, 344 Ga. App. at 532 (2); *Branton*, 304 Ga. App. at 151-152. The Supreme Court of Georgia granted a writ of certiorari in *Moats I*, but subsequently vacated the writ as improvidently granted because the petitioner did not dispute the application of OCGA § 36-11-1 to the sheriff in that case, nor was the issue adequately briefed. See *Moats II*, 310 Ga. at 114-115. In contrast, the appellant in this case has squarely raised the issue arguing that OCGA § 36-11-1 does not apply to official-capacity claims against sheriffs. Thus, unlike *Moats I*, this case would be ripe for consideration by the Supreme Court of Georgia of this difficult question.

2. Morney asserts that the trial court erred in ruling that a claim against a sheriff in his official capacity is not sustainable even where timely notice upon county officials has taken place. By so arguing, Morney invites us to reverse our prior precedent on this issue.

Although the statute is silent regarding how presentment is to be made, "this Court has explicitly held that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities. Indeed, we have held that claims against a sheriff are not sustainable without the ante-litem notice." *Davis*, 344 Ga. App. at 532 (2); *Moats I*, 349 Ga. App. at 818 (2) ("a claim for which the sheriff can be held vicariously liable must be directed to the sheriff").

Morney's and the dissent's concerns with this Court's existing precedent are not unreasonable. In fact, we find merit in the positions articulated by the majority, Judge Mercier's special concurrence, and the dissent of *Moats I* on this difficult and close question. But without direction from the Supreme Court of Georgia or the General Assembly, we decline to reverse our precedent. We note that 11 of 15 judges of this Court agreed with the ruling in *Moats I*, relying on *Davis*, a unanimous panel decision issued 13 months prior to *Moats I*. We have had the occasion post-*Moats II* to overrule the holdings in *Moats I* and *Davis* — that, "where a sheriff is sued,

7

presentment must be made to the sheriff and not just to the county or its board of commissioners" — but we have declined to do so. *Nusz v. Paulding County*, 361 Ga. App. 131, 134 (3) (863 SE2d 384) (2021) (noting that 11 of 15 judges agreed with the majority in *Moats I* and declining to revisit the holdings in *Moats I* and *Davis*); *Collington v. Clayton County*, __ Ga. App. __, __ (1) & n. 3 (Case No. A22A0379) (June 2, 2022) (unpublished) (same). See also *Green v. Baldwin County Bd. of Commrs.*, 355 Ga. App. 120, 121-122 (3) (842 SE2d 916) (2020) (declining to overrule *Moats I* and noting that the case was pending before the Supreme Court on writ of certiorari).

The only significant development since our whole Court opinion in *Moats I* is the Supreme Court's denial of the writ of certiorari in *Moats I* as improvidently granted. *Moats II*, 310 Ga. at 114-115. True, that denial came with two concurrences strongly questioning the majority's reasoning in *Moats I*. However, the fact remains that those concurrences are not binding as precedent on this Court, only represent two of the nine justices on the Supreme Court (which the rest of the voting justices could have, but elected not to join), and do not decide the issue at hand. And, as both concurrences concede, the issue may be better clarified by the General Assembly. See *Moats II*, 310 Ga. at 125-126 (3) (a) (Nahmias, P. J., concurring) ("Better yet, the

8

General Assembly could step in to amend OCGA § 36-11-1 to provide some useful textual clarity as to whether the statute applies to official-capacity claims against sheriffs and, if so, to whom such claims must be presented."); see also id. at 126-127 (Bethel, J., concurring) ("Something ought to be done, but I am afraid this Court is ill-fitted to do it . . . .[OCGA § 36-11-1] is a good candidate for clarification by the General Assembly.") (citation and punctuation omitted).

Importantly, our Supreme Court recently reminded us that "[e]ven those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute." *Hamon v. Connell*, __ Ga. __, __ (2) n. 8 (__ SE2d __) (Case No. S22G0405) (Feb. 7. 2023) (citation and punctuation omitted). Our Supreme Court had an opportunity to weigh in more widely in *Moats II* and as of yet, has not. And, until it does or until the General Assembly intervenes, we decline to disturb our existing case law in this area.[5] Accordingly, we affirm the trial court's order dismissing Morney's amended complaint and denying her motion to add the sheriff.

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps concurs and Doyle, P. J., concurs in part and dissents in part.*

---

[5] Perhaps this case will prompt just such an answer sooner rather than later.

9

# In the Court of Appeals of Georgia

A22A1473. MORNEY v. KIKER et al.

Doyle, Presiding Judge, concurring in part and dissenting in part.

I concur in Division 1, but I believe that this Court's precedent interpreting OCGA § 36-11-1 has been incorrectly decided, so I respectfully dissent to Division 2.

OCGA § 36-11-1 ("the County Presentment Statute") provides that

> [a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

Because a claim *against a sheriff* has been deemed to be a claim *against a county* for purposes of the County Presentment Statute, a party should be able to meet the presentment requirement by presenting her claim *to the county*, as happened here. This seems axiomatic from the face of the statute, but as correctly noted by the majority, this Court has not so held.[1] I believe we should correct the law on this issue.

The Supreme Court of Georgia held in *Gilbert v. Richardson*[2] that a claim against a sheriff in his official capacity is, in essence, a claim against the county,[3] and this Court has subsequently held that the County Presentment Statute applies to claims brought against sheriffs in their official capacity.[4] But given this, and in light of sheriffs' status as county officers,[5] it is illogical to conclude a party cannot satisfy the statute by presenting such a claim *to the county*, as happened here.

---

[1] See *Moats v. Mendez*, 349 Ga. App. 811, 817-818 (2) (824 SE2d 808) (2019).

[2] 264 Ga. 744 (452 SE2d 476) (1994).

[3] See id. at 746 (2) n.4.

[4] See *Moats*, 349 Ga. App. at 818 (2).

[5] See id. See also *Teasley v. Freeman*, 305 Ga. App. 1, 5 (699 SE2d 39) (2010) ("[A] sheriff is separate from the county for purposes of directing the work of his deputies, but this does not change the fact that sheriffs are county officers."); *Lawson v. Lincoln County*, 292 Ga. App. 527, 529 (664 SE2d 900) (2008) ("The Constitution of the State of Georgia designates the sheriff as a 'county officer.'. . ."), citing Ga. Const. of 1983, Art. IX, Sec. 1, Par. III (a) - (b).

Until *Davis v. Morrison*,[6] this Court had not held that the timely presentment of any claim to the county failed to satisfy the requirements of the County Presentment Statute.[7] However, in *Davis*, we rejected the argument that providing notice to county officials satisfied the presentment requirement for official-capacity claims against sheriffs.[8] Citing *Columbia County v. Branton*,[9] the *Davis* opinion noted that "this Court has explicitly held that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities. Indeed, we have held that claims against a sheriff are not sustainable without" proper presentment.[10] This Court then declined to revisit *Davis* in *Moats v. Mendez* and held that "a claim for which the

---

[6] 344 Ga. App. 527 (810 SE2d 649) (2018).

[7] See *Mendez v. Moats*, 310 Ga. 114, 122 (3) (a) (854 SE2d 816) (2020) ("*Moats II*") (Nahmias, P. J. concurring) ("Until the Court of Appeals decided *Davis* . . . it appears that no case in the more than 150 years since the enactment of the statute that is now OCGA § 36-11-1 held that presentment of a plaintiff's claim to the county governing authority was insufficient to satisfy the statute."); *Croy v. Whitfield County*, 301 Ga. 380, 381 (2) (801 SE2d 892) (2017) ("More than 100 years ago, this Court held that . . . the presentment is properly directed to the governing authority of the county.").

[8] *Davis*, 344 Ga. App. at 531-532 (2).

[9] 304 Ga. App. 149.

[10] *Davis*, 344 Ga. App. at 532 (2).

sheriff can be held vicariously liable must be directed to the sheriff."[11] However, as explained in my dissent in *Moats* and the subsequent concurrence in *Moats II*,[12] the opinion in *Davis* reads too much into *Branton's* holding.

In *Branton*, the plaintiff did not simply fail to present his claim to the sheriff; instead, he failed to present his claim to anyone within the 12-month period required by the County Presentment Statute.[13] This Court held in *Branton* that the time for providing notice under the County Presentment Statute was not tolled; we did not, however, address who should receive such notice.[14] Thus, *Davis* improperly extended *Branton* to conclude that presentment to counties does not satisfy the County Presentment Statute for official-capacity claims against sheriffs, and we should not continue to rely on *Davis* and its progeny for that proposition.

---

[11] *Moats*, 349 Ga. App. at 818 (2).

[12] See id. at 820 (Doyle, P. J., dissenting in part); see also *Moats II*, 310 Ga. at 123 (3) (a) (Nahmias, P. J., concurring) ("*Davis's* holding that presentment must be made to the sheriff was . . . an ipse dixit — an assertion unsupported by authority.").

[13] See *Branton*, 304 Ga. App. at 151-152; see also *Moats II*, 310 Ga. at 822 (3) (a).

[14] See *Branton*, 304 Ga. App. at 152.

4

Additionally, as a practical matter, sheriffs often coordinate with their counties on administrative issues, such as budgetary and legal matters.[15] The sheriff's budget is subject to the authority of the county's leadership, which has the discretion to cut an elected constitutional county officer's budget.[16] Likewise, the county's leadership is responsible for funding any settlement or judgment.[17] This separation was demonstrated in the present case as settlement negotiations occurred between Morney and the county's insurance carrier and did not involve the sheriff. Because the purpose of the presentment statute is to supply county officials with timely notice of demands against the county, and any claim against a sheriff could carry with it a financial impact to the county, presenting a claim to the county in this situation serves the purpose of the County Presentment Statute.[18]

---

[15] See generally *Lawson*, 292 Ga. App. at 531-532.

[16] See *Bd. of Commrs. of Dougherty County v. Saba*, 278 Ga. 176, 177 (1) (598 SE2d 437) (2004).

[17] See id.

[18] We note here that although presentment to the county should satisfy the presentment requirement applicable to claims against sheriffs, we do not believe that timely presentment to the sheriff would have been insufficient. See *Moats*, 349 Ga. App. at 817 n.57 (Doyle, P. J., dissenting in part) (noting that the dissent's holding was "not that presentment must be made to the county governing body and only that body; rather, that presentment to the county in this case (as opposed to the sheriff) met [Morney's] burden under OCGA § 36-11-1.").

Further, to hold that claims against sheriffs are the same as claims against counties regarding whether the County Presentment Statute applies, but that sheriffs are somehow distinct from counties when presenting such claims is both logically inconsistent and procedurally confusing.[19] The plain language of the statute states that "claims against *counties*" must be presented within 12 months of accrual or when they become payable.[20] If we accept that the term "counties" includes sheriffs for the purpose triggering the presentment requirement, it must not mean something else entirely when the plaintiffs actually execute this presentment. Such an interpretation is not only contrary to the statute's text, but is also inconsistent with more than a century of precedent holding that the County Presentment Statute requires presentment of claims against the county *to the county*.[21]

Although stare decisis is an important principle for promoting the rule of law, especially in the context of statutory interpretation, it is "not an inexorable command,

---

[19] See *Moats II*, 310 Ga. at 125 (3) (a) (Nahmias, P. J., concurring) ("As a matter of law and logic — as well as fairness to litigants and their lawyers trying to figure out how to preserve their injury claims — it cannot be both ways[.]").

[20] (Emphasis added.) OCGA § 36-11-1.

[21] See *Moats II*, 310 Ga. at 122 (3) (a) (Nahmias, P. J., concurring).

6

nor a mechanical formula of adherence to the latest decision."[22] Just over five years have passed since we decided *Davis*,[23] but these cases continue to come before this Court:[24] "[W]hile perhaps workable for those who understand it, [the statute] lays a trap for unwary plaintiffs who miss this singular deviation from the otherwise unbroken rule that 'claims against counties' may be presented to the county governing authority under OCGA § 36-11-1."[25] Moreover, the reasoning set forth in *Davis* and *Moats* regarding the presentment of official-capacity claims against sheriffs is not supported by the language of the statute, and it incorrectly extends the

---

[22] (Citation and punctuation omitted.) *State v. Jackson*, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010) (holding that when considering whether to overturn a prior holding, the appellate court must consider factors such as "the age of the precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning").

[23] See id. at 658-660 (5) (overturning 30-year-old prior decision).

[24] *Nusz v. Paulding County*, 361 Ga. App. 131 (863 SE2d 384) (2021); *Green v. Baldwin County Bd. of Commrs.*, 355 Ga. App. 120 (842 SE2d 916) (2020). See also *Collington v. Clayton County*, A22A0379 (June 2, 2022) (unpublished).

[25] *Moats II*, 310 Ga. at 125 n.10 (3) (a) (Nahmias, P. J., concurring).

7

holdings in prior precedent.[26] Thus, in light of these factors, stare decisis should not prevent us from revisiting our prior reasoning on this issue.

For these reasons, I would hold that *Branton*, *Davis*, and *Moats* were wrongly decided to the extent they hold that presentment to counties does not satisfy the requirements of the County Presentment Statute for official-capacity suits against sheriffs, so these decisions, along with similar precedents,[27] should be overturned.[28] Absent that, I highlight this issue for the legislature, which can resolve the confusion for parties and courts alike.[29]

---

[26] See id. at 658 (5) (noting that soundness of the prior precedent's reasoning is the most important factor in stare decisis analysis). See also *Moats II*, 310 Ga. at 125 n.10 ("[O]ther stare decisis factors do not weigh in favor of retaining *Davis*: its holding is [not] old [, and] it has not been entrenched in a long series of decisions . . . .").

[27] See *Nusz*, 361 Ga. App. 131; *Green*, 355 Ga. App. 120.

[28] Based on this, I would vacate the trial court's ruling, relying on those cases, that presenting Morney's presentment to the county (instead of to Sheriff Pounds) bars her from adding Sheriff Pounds as a party.

[29] See *Moats II*, 310 Ga. at 125-126 (3) (a) (Nahmias, P. J., concurring) (noting that "the General Assembly could step in to amend OCGA § 36-11-1 to provide some useful textual clarity as to whether the statute applies to official-capacity claims against sheriffs"); see also id. at 126 (Bethel, J., concurring) ("[OCGA § 36-11-1] is a good candidate for clarification by the General Assembly.").