**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 10, 2024**

# In the Court of Appeals of Georgia

A22A1473. MORNEY v. KIKER et al.

GOBEIL, Judge.

Patricia Morney sued Douglas County and deputy sheriff Adam Kiker alleging that she suffered injuries after Kiker's and Morney's vehicles collided. Morney then moved to add the Douglas County sheriff as a party and subsequently filed an amended complaint against the sheriff, Kiker, and Douglas County. The sheriff, Kiker, and Douglas County filed a motion to dismiss Morney's amended complaint and opposed her motion to add a party. The trial court dismissed Morney's amended complaint, and denied her motion to add the sheriff. In the first appearance of this case before this Court, *Morney v. Kiker*, 367 Ga. App. 194 (885 SE2d 229) (2023) ("*Morney I*"), we affirmed the trial court's dismissal. On February 20, 2024, the

Supreme Court of Georgia vacated our opinion and remanded the case for reconsideration in light of *Collington v. Clayton County*, 318 Ga. 29 (897 SE2d 361) (2024). See *Morney v. Kiker*, Case No. S23C0781 (Feb. 20, 2024). For the reasons explained more fully below, we now reverse.

As described in *Morney I,*

> the record shows that on August 25, 2019, Morney and Kiker were involved in an automobile collision, which Morney alleged resulted in injuries and damages. Morney subsequently mailed a letter via certified mail to the Douglas County Administrator and the Douglas County Commission Chair[1] notifying them of the incident to satisfy the notice requirement of OCGA § 36-11-1. Following negotiations between Morney and the county's insurance carrier, Morney filed a complaint against Kiker and Douglas County. Kiker and Douglas County filed an answer and a motion to dismiss Morney's complaint arguing, inter alia, that the sheriff should have been substituted for Kiker, but that any claim against the sheriff was barred because "ante-litem" notice was not provided to the sheriff in accordance with OCGA § 36-11-1.[2]

---

[1] Morney's letter was dated June 25, 2020, and it was delivered on July 7, 2020 to the Douglas County Commission Chair and the Douglas County Administrator.

[2] Although the notice required by OCGA § 36-11-1 is often called "ante litem" notice, "the statute on its face does not explicitly require notice separate from the complaint to be presented before the complaint is filed[,]" and therefore, the statute's mandate is properly called presentment. *Nusz v. Paulding County*, 361 Ga. App. 131, 134 (3) n.7 (863 SE2d 384) (2021).

Morney filed a motion to add the sheriff, and an amended complaint against the sheriff, Kiker, and Douglas County (collectively, [the] "defendants"). The defendants filed an answer and a motion to dismiss Morney's amended complaint, in addition to a response to her motion to add the sheriff as a party. The trial court granted the defendants' motion to dismiss and denied Morney's motion to add the sheriff, and Morney appeals from the trial court's order.[3]

367 Ga. App. at 195.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo. In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor." *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 817 (788 SE2d 852) (2016) (citations and punctuation omitted). This Court has also held that

---

[3] The trial court's order dismissed all of Morney's claims against the defendants. On appeal Morney only challenges the trial court's dismissal of her claims against the sheriff in his official capacity, but does not reference the court's dismissal of her claims against Kiker or Douglas County. Morney's failure to enumerate as error the trial court's dismissal of her claims against Kiker or Douglas County means that she has abandoned these claims, and therefore we will not consider them on appeal. See *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 817 n. 3 (788 SE2d 852) (2016) (appellant abandoned any challenge to the dismissal of certain claims by the trial court, where he did not contest their dismissal on appeal).

a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Therefore, the movant must establish that the plaintiff cannot possibly introduce evidence within the allegations of the complaint entitling [her] to the relief sought.

*Stafford v. Gareleck*, 330 Ga. App. 757, 758 (769 SE2d 169) (2015) (citations and punctuation omitted). With these guiding principles in mind, we now turn to Morney's claims of error.

1. Morney argues that the trial court erred in concluding that OCGA § 36-11-1 applies to official-capacity claims against sheriffs.

OCGA § 36-11-1 provides that

[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

In *Collington*, after embarking on a detailed analysis of the historical context of OCGA § 36-11-1, the Supreme Court of Georgia clearly and unequivocally held that "official-capacity claims against a county sheriff for a deputy's allegedly negligent use of a county-owned vehicle are claims against the county itself, and thus, the

4

presentment requirement of OCGA § 36-11-1 applies to such claims, including [Morney's] official-capacity claims against the Sheriff in this case." 318 Ga. at 34-37 (2) (a). Accordingly, the trial court did not err in finding that OCGA § 36-11-1 was applicable to this case.

2. Morney asserts that the trial court erred in ruling that a claim against a sheriff in his official capacity is not sustainable even where timely notice upon county officials has taken place. Based on our Supreme Court's recent decision in *Collington*, we agree.

Although the statute is silent regarding how presentment is to be made, "our appellate courts have consistently construed OCGA § 36-11-1 and its predecessors to require presentment of claims to the county governing authority." *Collington*, 318 Ga. at 37 (2) (b) (citation and punctuation omitted). In fact, before our decision in *Davis v. Morrison*, 344 Ga. App. 527, 532 (2) (810 SE2d 649) (2018),[4] "no Georgia court had ever held that the presentment of claims to the county governing authority itself was

---

[4] In *Davis* "this Court [ ] explicitly held that OCGA § 36-11-1 applies both to the counties and to the sheriffs, when sued in their official capacities. Indeed, we [ ] held that claims against a sheriff are not sustainable without the ante-litem notice." 344 Ga. App. at 532 (2); See also *Moats v. Mendez*, 349 Ga. App. 811, 818 (2) (824 SE2d 808) (2019) ("a claim for which the sheriff can be held vicariously liable must be directed to the sheriff").

5

inadequate to satisfy OCGA § 36-11-1, or that presentment to an entity other than the county governing authority was required." *Collington*, 318 Ga. at 37-38 (2) (b) (citation and punctuation omitted). Our Supreme Court explained further:

> There is no justification for holding, contrary to more than a century of precedent, that presentment of claims against counties covered by OCGA § 36-11-1 to the county governing authority is insufficient to comply with the statute, and we overrule any cases from the Court of Appeals holding otherwise.[5] Because a claim against a sheriff in his official capacity for the negligent use of a covered motor vehicle is a claim against a county under OCGA § 36-11-1, presentment to the county governing authority of a claim to which OCGA § 36-11-1 applies satisfies the statute's presentment requirement.[6]

Id. at 38 (2) (b) (citations and punctuation).

Accordingly, Morney's timely presentment of notice of her claims to the Douglas County Administrator and the Douglas County Commission Chair satisfied her burden under OCGA § 36-11-1. We thus reverse the trial court's dismissal of

---

[5] See, e.g., *Moats*, 349 Ga. App. at 818 (2), *Davis*, 344 Ga. App. at 532 (2).

[6] The Supreme Court clarified in *Collington* that it was not deciding "whether presenting a claim to the Sheriff would also satisfy the presentment requirement of OCGA § 36-11-1." 318 Ga. at 38 (2) (b) n. 11.

Morney's claims against the sheriff in his official capacity and remand the case to the trial court to conduct further proceedings not inconsistent with this opinion.

*Judgment reversed. Doyle, P. J., and Padgett, J., concur.*