**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 8, 2024**

# In the Court of Appeals of Georgia

A24A0739. CHAVEZ et al. v. HILL.

WATKINS, Judge.

Diana Michel Chavez and Sinoe De La Rosa (the "Plaintiffs") sued Clayton County Sheriff Victor Hill (the "Sheriff") for damages, alleging that they were injured in a motor vehicle collision negligently caused by one of the Sheriff's deputies. The trial court granted the Sheriff's motion to dismiss the complaint, finding that it was barred by sovereign immunity due to the Plaintiffs' failure to timely serve the Sheriff with an ante litem notice within 12 months after the claim accrued or became payable. On appeal, the Plaintiffs argue, inter alia, that the timely notice they sent to the County was sufficient. After the Plaintiffs filed their initial appellate brief, the

Supreme Court of Georgia decided *Collington v. Clayton County*,[1] resolving this issue in the Plaintiffs' favor. As explained further below, we now reverse.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo. In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor."[2] So viewed, the pleadings show that, on July 11, 2018, the Plaintiffs were traveling on a motorcycle on Highway 138 in Jonesboro. According to the amended complaint, one of the sheriff's deputies was driving a "marked police vehicle" when he made an improper lane change into the Plaintiffs' lane of travel and collided with the motorcycle, injuring the Plaintiffs.

The Plaintiffs sent a timely ante litem notice to the Clayton County Board of Commissioners and various other county officials, including the risk management director and the county attorney. Fifteen months after the collision, the Plaintiffs sent an "amended" ante litem notice to the Board of Commissioners and the Sheriff.

---

[1] 318 Ga. 29 (897 SE2d 361) (2024).

[2] (Citation and punctuation omitted.) *Harned v. Piedmont Foundation, Inc.*, 356 Ga. App. 870, 871 (849 SE2d 726) (2020).

In granting the Sheriff's motion to dismiss the complaint, the trial court relied on a line of cases from this Court and found that the timely service on the County was ineffectual because it was not presented directly upon the Sheriff. This appeal follows.

1. In their initial brief, filed before the Supreme Court issued its decision in *Collington*, the Plaintiffs argued that OCGA § 36-11-1 does not apply to claims against sheriffs and that, even if it does, the notice sent to the County was sufficient. In response, the Sheriff acknowledged the intervening *Collington* case.

OCGA § 36-11-1 provides: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims."

In *Collington*, the Supreme Court of Georgia held that "official-capacity claims against a county sheriff for a deputy's allegedly negligent use of a county-owned vehicle are claims against the county itself, and thus, the presentment requirement of OCGA § 36-11-1 applies to such claims[.]"[3] However, the Court further held that "a claimant's duty under OCGA § 36-11-1 is satisfied by presenting notice to the

---

[3] 318 Ga. at 37 (2) (a).

appropriate county governing authority of her official-capacity claims against a county sheriff for the negligent use of a covered motor vehicle."[4] The Supreme Court explicitly overruled this Court's line of cases that held otherwise.[5]

Here, the Plaintiffs presented notice of their official capacity claims against the Sheriff to the County. Under *Collington*, this satisfied their duty under OCGA § 36-11-1.[6] We thus reverse the trial court's dismissal of Appellants' complaint and remand the case to the trial court to conduct further proceedings not inconsistent with this opinion.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur.*

---

[4] 318 Ga. at 37 (2) (b).

[5] Id. at 38 (2) (b). The Court specifically overruled this Court's decisions in *Moats v. Mendez*, 349 Ga. App. 811, 814 (2) (824 SE2d 808) (2019); and *Davis v. Morrison*, 344 Ga. App. 527, 532 (2) (810 SE2d 649) (2018); see also *Morney v. Kiker*, 371 Ga. App. 804 (___ SE2d ___) (2024) (reversing dismissal in light of *Collington*).

[6] See *Collington*, 318 Ga. at 38 (3).